Hayden, Admrx., Appellant *v.* Hayden.

12

Argued March 26, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*M. E. Rowley*, with him *Ralph E. Smith, Rowley & Smith, Albert C. Hirsch* and *Hirsch & Shumaker*, for appellant.

*A. G. Helbling*, with him *James B. Ceris*, for appellee.

OPINION BY MR. JUSTICE LINN, April 12, 1946:

The controlling question is whether the property and business conducted by the Hayden Tire Shop belonged to John Hayden or to a partnership composed of him and his brother George, the defendant.

John Hayden died October 18, 1943. His widow received letters of administration. She claimed the Hayden Tire Shop as part of her husband's estate which had become subject to her administration. The property was in possession of the intestate's brother, George Hayden, who excluded the administratrix on the ground that it belonged to the partnership composed of the intestate and himself which he, as surviving partner, was authorized to wind up. In her capacity as administratrix, she first brought replevin to recover the property but George Hayden filed a counter bond and claimed "ownership and possession to one-half interest in the partnership assets." That proceeding has not been tried.

On April 19, 1944, the plaintiff, as administratrix, brought the present suit by bill to restrain George Hayden from "disposing in any way of the assets of the said business"; for an account "of the operation of the

business" from the date of John Hayden's death; for an order of payment to her and for "such other and further relief as . . . may seem proper." George Hayden filed an answer averring that on June 28, 1943, by parol agreement, he became a partner with John Hayden, paying $1,500 "for an equal partnership in said business." After hearing evidence, the court found there was a partnership as defendant averred and dismissed the bill. The appeal is from that decree.

The record contains sufficient evidence to support the findings of fact. The rule is well established that where a chancellor's findings are affirmed by the court in banc they will be accepted if supported by proof sufficient to require submission to a jury in a trial at law: *Belmont Lab., Inc. v. Heist,* 300 Pa. 542, 546, 151 A. 15. The evidence in this case was of that character; the findings have the effect of a verdict. On the dissolution of the partnership by John Hayden's death, George Hayden became the liquidating partner: Uniform Partnership Act of March 26, 1915, P. L. 18, Part VI, 59 P.S. 95. The record shows that he proceeded accordingly. This was a small business and we assume from the record that the partnership affairs have been wound up as required, and that all that remains to be done is to pass on an account and to make distribution to parties entitled as the Partnership Act requires: see, also, *Froess, Administratrix, v. Froess,* 284 Pa. 369, 131 A. 276.

We think, however, that the learned court erred in dismissing the bill. While the plaintiff, in her representative capacity, asked for an account on the theory that the entire property belonged to her husband's estate, the record established the existence of the partnership in circumstances in which the intestate's estate is entitled to an accounting and participation in the distribution of any existing balance. The case is well within the established rule that having properly taken jurisdiction, and finding the case ready for final adjudication, equity will proceed under the prayer for further relief

and complete the litigation: *Myers v. Bryson,* 158 Pa. 246, 255, 27 A. 986; *Bowman v. Gum,* 327 Pa. 403, 412, 193 A. 271; *Fleming v. Adamson,* 321 Pa. 28, 34, 182 A. 518.

Decree reversed; bill re-instated; it is ordered that within thirty days after the return of the record to the court below or within such other time as that court may fix, the defendant shall file in this proceeding an account of his liquidation of the partnership, to be followed by such further proceedings as may be necessary to conclude the litigation; costs to be paid as the court below may direct.