Lower Merion Township, Appellant, *v.* Frankel.

Argued January 13, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John E. Forsythe*, with him *Wright, Mauck & Hawes*, for appellant.

*C. Brewster Rhoads*, with him *C. Russell Phillips, Philip F. Newman* and *Garrett A. Brownback*, for appellee.

OPINION BY MR. JUSTICE JONES, March 22, 1948:

The plaintiff, a township of the first class, sought by this suit in equity to enjoin the defendant from erecting an apartment house on a tract of land owned by him and located within the township. The learned court below entered a final decree dismissing the bill of complaint and the plaintiff took this appeal. A number of interested persons and organizations were allowed by the court below to intervene as parties plaintiff, but none

of them filed brief in this court or asked leave to present oral argument.

The case involves a municipal attempt to re-zone a narrowly limited area in a way that would prevent the owner of the principal part of the area from developing his property for a use wholly permissible, at the time of his acquisition of it, under applicable and then long extant zoning regulations. Following the defendant's purchase of the property, he paid relatively large sums on account of the purchase price; bound himself by his bond, secured by a mortgage of the property, for the payment of a substantial balance; and also incurred other large expenses and obligations in furtherance of his contemplated use of the property. A building permit, moreover, for such use had been duly issued to him but was later suspended as a result of litigation instituted by objectors under a lately enacted zoning amendment which was hurriedly introduced and passed in an obvious effort to prevent the owner's proposed use of his property.

The legal questions raised are (1) whether an objector's appeal to the local board of adjustment (under Sec. 3107 of the First Class Township Law of June 24, 1931, P. L. 1206, 53 PS § 19092-3107) from the issuance of the building permit operated to stay all proceedings thereunder, (2) whether, as a result of the expenditures made by the defendant and the obligations incurred by him under existing local zoning regulations and in reliance upon the building permit actually issued, he had acquired a vested right to use his property in the manner originally authorized, and (3) whether the amendatory zoning ordinance was constitutional as applied to the defendant and his particular property.

The learned chancellor correctly answered these questions by applying to his findings of fact the germane principles of law. The findings, in turn, are factually binding here, being, as they are, fully supported by the evidence and affirmed by the court en banc: *Hayden v.*

*Hayden*, 354 Pa. 11, 13, 46 A. 2d 502. Thus, the chancellor properly concluded (1) that the stay of proceedings provided for by Sec. 3107 of the First Class Township Act of 1931, cit. *supra*, upon an appeal to a board of adjustment by a person aggrieved by a decision of an administrative officer, was not presently pertinent because the building permit in the instant case issued as the result of judicial action in a mandamus proceeding and not as the act of an administrative officer; (2) that, by virtue of originally existing local law, the issuance of the building permit and the owner's expenditure of moneys and his incurring of obligations in connection therewith, he acquired such a vested right to use his property conformably to the permit as to be entitled to protection against the prohibition of a building or zoning enactment adopted after the issuance of the permit: *Herskovits v. Irwin*, 299 Pa. 155, 160, 162, 149 A. 195; and (3) that the amendatory zoning ordinance bore no reasonable relation to any legitimate police power purpose but unlawfully discriminated against the defendant and his property and was therefore invalid and unenforceable: cf. *Nectow v. City of Cambridge*, 277 U.S. 183, 188-189; *Taylor v. Haverford Township*, 299 Pa. 402, 415, 149 A. 639; and *White's Appeal*, 287 Pa. 259, 268-269, 134 A. 409.

The decree dismissing the bill of complaint is appropriate to the facts and the law of the case, which, by reason of its own peculiar circumstances, is in a very real sense *sui generis*. Nothing is to be gained by our now reiterating what is so fully and satisfactorily set forth in the opinions filed by the learned judge below who sat as chancellor and spoke for the court en banc.

Decree affirmed at the appellant's costs.