Meth *v.* Meth, Appellant.

Argued November 15, 1948. ·Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Thomas D. McBride,* with him *John W. Bohlen,* and *McBride, Lipschitz,. Woolston, Berger & Bohlen,* for appellant.

*Ernest Ray White,* with him *Frank J. Marolla, Jr.,* for appellee.

Opinion by Mr. Justice Patterson, January 3, 1949:

Sophye K. Meth, appellee, filed her bill in equity against Lewis B. Meth, her husband, individually and trading as Philadelphia Hospital Supply Company, appellant, averring an oral partnership and an advance of moneys by her to appellant. She sought to have the partnership dissolved, appellant restrained from conducting the business and taking assets thereof, an accounting, appointment of a receiver and general relief. Appellant's answer denied the existence of the partnership, asserted that moneys received from appellee were

gifts, and denied any demand for an accounting or that his management of the business was in any way improper. After a hearing, during which the parties agreed to have the jury discharged, the chancellor found that no partnership existed but entered a decree in favor of appellee requiring appellant to pay $8,635 with interest thereon at 4% from the date of the filing of the bill. The court below dismissed exceptions to the adjudication and entered a final decree directing appellant to pay the above amount to appellee and directing the prothonotary to enter judgment against appellant in favor of appellee. Judgment was duly entered and this appeal followed.

The parties were married on January 7, 1929. Shortly thereafter appellee wife, in order to assure appellant a job in the West Manufacturing Company, invested $4,000 in stock of the company. This stock became worthless. Subsequent thereto, upon different occasions, appellee advanced to appellant a total of $4,635 to be used by him in the Philadelphia Hospital Supply Company. The relationship between the parties became acrimonious and culminated in actions for divorce by the husband. Appellee then filed this bill in equity.

Appellant contends that the court below was in error in not dismissing the bill for the reasons that (1) the basis of appellee's action was the existence of the partnership which the chancellor properly found did not exist, and (2) equity had no jurisdiction to enter a money judgment, there being an adequate remedy at law. Appellee contends, and the court below held, that equity having had jurisdiction to hear the cause *in limine,* properly afforded relief under the prayer for general relief, since the evidence adduced in support of the original pleadings revealed a cause of action cognizable in a court of equity. The judgment and decree appealed from must be affirmed.

"Under the prayer for general relief, a decree which accords with the equities of the cause may be shaped

and rendered; the court may grant any appropriate relief that conforms to the case made by the pleadings although it is not exactly the relief which has been asked for by the special prayer": 19 Am. Jur. Equity, Section 410. "Special prayers may be disregarded where the general prayer is sufficient for relief upon the equity shown by the bill": 19 Am. Jur. Equity, Section 227. In *Henry T. Slemmer's Appeal,* 58 Pa. 155, 167, this Court said: "Under the prayer for general relief, the plaintiffs are entitled to such relief as is agreeable to the case made in the bill, though different from the specific relief prayed for . . ." See *Ahl's Appeal,* 129 Pa. 49, 62, 18 A. 475.

Failure by appellee to establish the existence of a partnership did not require that the bill be dismissed or the matter certified to the law side of the court. The facts established by the evidence adduced did not remove the case from the jurisdiction of a court of equity. The cause of action as shown by the pleadings and the evidence is based upon an advancement of funds by a wife to a husband; the ultimate relief sought is the return of those funds to the wife. Had the bill alleged these simple facts and the proofs conformed strictly thereto, the power of a chancellor to determine the matter would have been clear. See *Ramsey v. Ramsey,* 351 Pa. 413, 41 A. 2d 559; *Werle v. Werle,* 332 Pa. 49, 1 A. 2d 244; *Loeffler's Estate,* 277 Pa. 317, 121 A. 186; *Wormley's Estate,* 137 Pa. 101, 20 A. 621.

The pleadings, considered without any references to a partnership, are sufficient to enable a court of equity to entertain the bill. The evidence does support the basic averments of fact. The chancellor properly proceeded to enter a decree pursuant to the prayer for general relief and terminate the litigation: *Hayden v. Hayden,* 354 Pa. 11, 13-14, 46 A. 2d 502. Appellant cannot be heard to complain of the entry of a money judgment against him. The power of a chancellor to administer such relief has long been recognized: *Lafean et al. v. American Caramel Co.,* 271 Pa. 276, 283, 114 A. 622.

There is not here presented a case in which the relief accorded is completely at variance with the facts averred in the bill. Appellee has not averred facts sufficient to invoke the jurisdiction of equity and then, as appellant suggests, at the trial, proved facts inconsistent with those averments and established a cause of action not within the broad penumbra of equitable jurisdiction. Nor is this a case in which facts essential to equitable relief have not been alleged in the bill, or in which there has been proof of matters not alleged upon which relief has been based. Cf. *Goslin v. Edmunds*, 325 Pa. 154, 188 A. 851.

Decree affirmed, costs to be paid by appellant.