## Commonwealth v. Briggs

*William A. Burns*, for Darby Township.
*Fronefield Crawford*, for defendant.

SWENEY, J., November 15, 1949.—Defendant Harry Briggs was arrested for a violation of the building code of the Township of Darby, and, after hearing, was found guilty and ordered to pay a fine of $50 and costs. He appealed and on August 10, 1949, testimony was presented before Sweney, J., and the matter is now ready for a decision.

This case must be amended as to its title. Action should have been started in the name of the Township of Darby instead of the name of the Commonwealth and an order will be entered amending the caption.

The facts may be briefly summarized as follows: Defendant moved his house trailer onto a piece of ground at Academy, Ashland and Hopkins Avenues, Darby Township, sometime during the first week of September 1948. By the first of October 1948, he had piped in water, secured electrical connections, cleared the premises of brush and laid out cinder roads, at a cost of about $8,000. On December 21, 1948, the Township of Darby amended its building code so as to include therein a provision that "if a house trailer is used for living or sleeping purposes within the Township for an aggregate of more than thirty (30) days in any period of one year, it shall be considered as a single-family dwelling for all purposes of this Ordinance." Prior to this amendment, the building code had contained no provisions applicable to trailers. The defendant was charged with having erected a house trailer on the above described premises on April 27, 1949, without having obtained a permit as called for by the amended building code. It is admitted that defendant's house trailer has been erected on the premises in question from the first week of September 1948 to date.

The evidence clearly shows that defendant had occupied his house trailer for a period of over two months prior to the amendment.

Counsel for the Township of Darby relies upon the case of Lower Merion Township v. Gallup, 60 Montg. 310 (1944) affirmed, 158 Pa. Superior Ct. 572 (1946), which held that an almost identical provision of the Lower Merion Township Building Code could be enforced against defendant. However, a careful reading of the facts in that case will show that the house trailers had been placed upon the premises subsequent to the enactment of the amendatory ordinance. For this reason, we are of opinion that the Gallup case does not control the instant case.

In order to find the defendant guilty in this case, we would have to apply the amending ordinance of December 21, 1948, retroactively. This we cannot legally do. Defendant had made a substantial investment in the premises prior to the amendment and thus acquired certain vested rights which cannot be impaired by a retroactive application of the amendment: Lower Merion Township v. Frankel, 64 Montg. 14, affirmed 358 Pa. 430 (1948). To so apply the amendment in the instant case would render it an ex post facto law, and therefore, unconstitutional: Article I, sec. 10, U. S. Constitution; art. I, sec. 17, Constitution of Pennsylvania. See also Commonwealth ex rel., Greenawalt v. Greenawalt, 347 Pa. 510, 512.

From a consideration of the above, we have reached the conclusion that defendant was improperly found guilty of violating the building code of the Township of Darby. It follows, therefore, that the conviction must be set aside.