Luciany, Appellant, *v.* Zoning Board of
Adjustment.

Argued January 13, 1960. Before JONES, C. J., BELL,
MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Philip Richman,* with him *Francis S. Goglia,* and
*Alex Bonnie,* for appellant.

*Levy Anderson,* First Deputy City Solicitor, with him *Lenard Wolffe,* and *Matthew W. Bullock, Jr.,* Assistant City Solicitors, and *David Berger,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, April 18, 1960:

We have for review an order of the Court of Common Pleas No. 1 of Philadelphia County, which affirmed the Zoning Board of Adjustment of the City of Philadelphia in its refusal to grant a variance.

The property in question, a three-story building, is located on a narrow residential street in a D-1 residential district in Philadelphia.[1] From 1928 to 1944 it was used by a furniture moving company as a garage and as a storage place for barrels, boxes and other packing containers. The appellant took occupancy of the property in 1944, and has used it since that time, without zoning board approval, for the storage of structural steel in connection with his ornamental iron works. Both the appellant's and the furniture company's uses fail to conform to the zoning restrictions of the district, but since the furniture company's use began prior to 1933, it was maintained as a legal nonconforming use under the zoning ordinance of 1933.[2]

---

[1] Section 14-208 of the Philadelphia Code of General Ordinances currently permits, inter alia, the following uses in a D-1 Residential District: Single and attached family dwellings, professional offices in the home of the practitioner, public libraries, art galleries or museums, telephone exchange buildings, police and fire stations, penal or correctional institutions, and, under certain limitations, athletic parks.

[2] It is conceded that appellant's use is not permitted in a "D" residential district under the Philadelphia General Code of Ordinances §14-208, supra, note 1, but is permissive as a matter of right in a general industrial district as provided for under §14-503(s)(s) of the Code.

In 1956, after an investigation by the city, appellant filed an application with the zoning board[3] to secure an authorization to use the premises for the storage of iron and steel bars of varying sizes and weights which could be "handled manually," and for the storage of a small truck and equipment. Upon the refusal of the zoning board to grant a variance, appellant appealed to the court of common pleas. That court remanded the case to the zoning board for the purpose of taking additional testimony and making additional findings. The zoning board again rejected the application on the grounds that appellant had not demonstrated a nonconforming use and had not shown justification for a variance. Upon the return of the case to the lower court, the decision of the zoning board was affirmed and this appeal followed.

Since evidence was taken only before the zoning board, the sole question for our determination is whether or not the zoning board abused its discretion or committed an error of positive law in arriving at its determination in refusing a variance. *Upper St. Clair Township Grange Zoning Case*, 397 Pa. 67, 152 A. 2d 768 (1959); *Schmidt v. Philadelphia Zoning Board of Adjustment*, 382 Pa. 521, 114 A. 2d 902 (1955); *Walker v. Zoning Board of Adjustment*, 380 Pa. 228, 110 A. 2d 414 (1955).

Appellant's first contention is that he is entitled to a use permit as a matter of right. It is clear he is not entitled to such under the zoning provisions of the 1956 Philadelphia Code of General Ordinances.[4] Appellant,

---

[3] Appellant first applied for a use permit from the Department of Licenses and Inspection in Philadelphia which was refused. No question of jurisdiction arises here. See *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 80 A. 2d 765 (1951).

[4] As it read at the time of the instant application, Section 14-104(5) of the 1956 Philadelphia Code of General Ordinances pro-

however, relying on the fact that his nonconforming use had begun in 1944, seeks shelter under the provisions of the 1933 ordinance which were in effect at that time. The relevant sections of the 1933 ordinance provide: ". . . (3) Change of Use. A nonconforming building or use shall be considered as such unless and until it complies with the regulations of the district in which it is located. Such use shall not be changed to a use designated for a district having less restrictive regulations. (4) Discontinued Use. A nonconforming use when discontinued *may be resumed* as the same class of *use but cannot be resumed as a nonconforming use of a lower class.*" (Emphasis supplied).

Appellant maintains that since the use as a furniture storage warehouse and the use now requested would both be industrial uses under the 1933 ordinance, he is not requesting a nonconforming use of a lower class and is thus entitled to his change of use as a matter of right.

Appellant overlooks in his contention our prior construction of this same provision in *Darling v. Zoning Board of Adjustment,* 357 Pa. 428, 54 A. 2d 829 (1947). There the question was whether a tailoring shop could be maintained as a nonconforming use as a matter of right in a "B" residential district because the property's history disclosed that a real estate office had

---

vided: "(5) Discontinued Use. A nonconforming use *when discontinued* may be resumed as the *same* nonconforming use and no other." (Emphasis supplied). The zoning board concluded that appellant's use—the storage of structural steel, a small truck and equipment—is not the *same* as was the prior legal nonconforming use of the furniture company—a garage and storage place for miscellaneous packing containers. Clearly, under the language of subsection (5), this difference in use precludes the appellant from obtaining a use permit as a matter of right. Upon a careful reading of the record, and mindful of our deference to the zoning board's discretion in these matters, we find no reason for upsetting this determination by the board.

once been maintained there as a legal nonconforming use. A real estate office and a tailoring shop had identical zoning classifications. Construing subsections (3) and (4) together, the court held that the correct application of the ordinance did not require that the new use merely have the same classification as did the former use, but that the new use conform to the restrictive provisions set forth the *district in which the new use is requested.* By our interpretation therefore, the zoning ordinance of 1933 required that where a nonconforming use had been changed, it had to conform to the current restrictions for the specific district; otherwise a variance had to be obtained. Since appellant's proposed use admittedly does not meet the zoning restrictions for the district, he is not entitled to his requested use as a matter of right under the 1933 ordinance.

Appellant further contends that he has demonstrated that he is entitled to the issuance of a variance. To successfully secure a variance the applicant must clearly prove that an unnecessary hardship, unique to the particular property, would result if a variance is not granted, and that if a variance is granted, it would not be contrary to the best interests of the public. *Upper St. Clair Township Grange Zoning Case,* supra; *Best v. Zoning Board of Adjustment,* 393 Pa. 106, 141 A. 2d 606 (1958); *Mack Zoning Appeal,* 384 Pa. 586, 122 A. 2d 48 (1956). A mere hardship alone is insufficient; the applicant has the burden of proving an "unnecessary hardship." *Upper St. Clair Township Grange Zoning Case,* supra; *South Phila. Dressed Beef. Co. v. Zoning Board of Adjustment,* 391 Pa. 111, 137 A. 2d 270 (1958). Where the hardship is solely economic, a variance need not be granted. *Upper St. Clair Township Grange Zoning Case,* supra; *Spadaro v. Zoning Board of Adjustment,* 394 Pa. 375, 147 A. 2d 159 (1959).

The zoning board has twice considered appellant's case; each time it concluded that he had failed to show an unnecessary hardship and that his proposed use was contrary to the public interest. The lower court affirmed the zoning board's ruling because it found competent evidence in the record to support the conclusion that a variance would be contrary to the public interest. Mindful of our scope of review in these matters, we have carefully studied the record and find ample evidence to sustain each of the zoning board's determinations. While some argument is made that the zoning board failed to make specific findings on the matter of unnecessary hardship, we think it is clear that the only thing appellant has shown is an economic hardship resulting from the fact that the present building cannot be used for residential purposes. For an economic hardship, self-inflicted by appellant, redress in the form of a variance is not mandatory. *Upper St. Clair Township Grange Zoning Case,* supra. Appellant has adduced no substantial reason for disrupting the conclusions of the zoning board.

Order affirmed.