**Fromm v. Fromm**

*Thomas A. Beckley*, for plaintiff.
*Mary S. Leopold*, for defendant.

SHELLEY, J., February 14, 1967.—This matter is before us on preliminary objections to a complaint in equity brought by plaintiff against her husband, the husband's parents and a bank which has a mortgage upon certain real estate owned by the parents.

The complaint avers that the husband and wife, before their marriage, agreed to construct a home in which to live after their marriage but, because they did not have sufficient funds to do so nor credit to obtain a loan for that purpose, they further agreed with the husband's parents that the parents should borrow funds in the parents' name to acquire land and construct a house thereon, and when plaintiff and her husband had repaid the indebtedness, the land with the building thereon erected would be conveyed by the parents to plaintiff and her husband without

consideration. Plaintiff avers that, pursuant to the agreement, the parents purchased a tract of land and financed the construction of the house through a mortgage wherein the parents were the mortgagors and the bank was the mortgagee. Plaintiff claims that after the marriage, as was agreed, she continued to work and contributed to her husband from her earnings money he used to pay on account of the mortgage, thereby establishing for herself a substantial equity in the premises. Plaintiff lived in the house until, without her knowledge, her household furnishings and other possessions were removed by the husband and his parents and the premises locked, so that plaintiff was denied access, use, occupancy or other rights to the premises and was denied any interest whatsoever in the premises.

Plaintiff's prayer for relief is divided generally into three categories. She asks: (1) for an accounting of the money she contributed to the liquidation of the mortgage referred to above; (2) that a trust be impressed upon the money she contributed to the liquidation of the mortgage; and (3) for the return to her of certain personal property which the husband and his parents removed, without her permission, from the house and which is now in their custody.

Each of defendants has filed preliminary objections in the nature of a demurrer. The husband and his parents argue that the proper remedy is assumpsit and/or replevin. The husband also avers that plaintiff is prohibited by the Married Women's Property Act from bringing this action against him.[1] The bank avers, in support of its demurrer, that plaintiff does not state a cause of action against it.

The husband and his parents have each filed motions for a more specific pleading and, in addition,

---

[1] Act of June 8, 1893, P. L. 344, as amended, 48 PS §111.

the husband has filed a motion to strike off alleging that the complaint contains scandalous, impertinent and irrelevant matters and conclusions of law unsupported by averred facts.

A bill in equity may be maintained by a wife to compel her husband to return money to her, even though plaintiff could sue in assumpsit: Ramsey v. Ramsey, 351 Pa. 413 (1945). The Supreme Court of Pennsylvania has also said that where a cause of action is shown by the pleadings and the evidence is based upon an advancement of funds by a wife to a husband, and the ultimate relief sought is the return of those funds to the wife, a court of equity has power to determine the matter. A chancellor has power to enter a money judgment in a case where equity has jurisdiction: Meth v. Meth, 360 Pa. 623 (1949).

Plaintiff has the right to maintain this action in equity. The Supreme Court of Pennsylvania, in interpreting the Married Women's Property Act, said in Lindenfelser v. Lindenfelser, 383 Pa. 424, 427 (1956):

"A reasonable interpretation of the Married Women's Property Act necessarily permits an action in equity by one spouse to protect as 'separate property' his interest therein held by them as tenants by the entireties and from the possession of which the other spouse is wrongfully excluded".

Applying these principles to the facts pleaded, the demurrer of the husband and his parents must be dismissed.

Plaintiff does not designate the type of trust she seeks to have created. From the facts averred in the complaint, we assume that she is seeking either a constructive trust or a resulting trust. Generally, a trust is where the legal estate is in one and the equitable estate in another: Goodwin v. McMinn, 193 Pa. 646, 649 (1899); i.e., a right of property, real or personal, held by one party for the benefit of another. A con-

structive trust generally involves the presence of fraud, in view of which equitable title or interest is recognized in some person other than the holder of the legal title, while a resulting trust involves primarily the equitable doctrine of consideration, i.e., the doctrine that valuable consideration, and not legal title, determines the equitable title or interest resulting from the transaction: 54 Am. Jur. 147, § 188.

The facts averred in the complaint, as outlined above, fall far short of what is required, so far as the bank is concerned, to establish either a constructive or resulting trust. Nowhere in the complaint is it alleged that the bank was a party to the oral agreement and arrangements referred to above or that it had any knowledge whatsoever concerning same.[2]

---

[2] Defendant bank is referred to in four paragraphs of the complaint. These paragraphs are set out as follows:

"5. Defendant, Farmers Bank and Trust Company of Hummelstown, hereinafter referred to as Defendant Bank, is a bank organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, having its principal office in Hummelstown, Dauphin County, Pennsylvania.

"15. Pursuant to the agreements set forth in paragraphs 7 and 10 through 13 above, money was borrowed from Defendant Bank in the names of Defendant Father and Defendant Mother to pay for the acquisition of land and the construction of the home agreed upon by Plaintiff and Defendant Husband. A photocopy of the Mortgage given in the names of Defendant Father and Defendant Mother, as Mortgagors, to Defendant Bank, as Mortgagee, to secure the borrowing of the money referred to above is marked Exhibit 'B', attached hereto and made a part hereof.

"19. During the entire period of Plaintiff's and Defendant Husband's occupancy of the home referred to in paragraph 16 above, Defendant Husband made payments to Defendant Bank against the indebtedness due on account of the Mortgage, referred to in paragraph 15 above, thereby establishing a substantial equity in the premises referred to in said Mortgage.

"20. Defendant Husband personally attended to the physical delivery of the payments referred to in paragraph 19 above so that Plaintiff is unaware of the precise dates and amounts of such payments".

We are inclined to observe that if plaintiff were to prevail on the basis of the meager allegations concerning the bank in her complaint, loaning practices as we know them in Pennsylvania would be revolutionized. No longer could a loaning institution rely on the record title to real property in accepting mortgages as collateral for loans. It would be compelled to conduct a thorough investigation of the circumstances under which the record owner acquired title and to obtain sworn statements from the record owner, relatives and friends that they had no interest in the property. Neither could it accept payments on account of the debt from anyone other than the debtor, and even the physical delivery of a payment by another person would create a hazard. Disputes of the sort set forth in this complaint must be resolved by the persons who are allegedly parties to the oral agreement and arrangements. It is pure harassment to force a loaning institution, which is nowhere in the complaint alleged to have had any knowledge of the transaction which forms the basis for relief, to expend funds to defend such a suit. Accordingly, we conclude that the demurrer of the bank must be sustained.

The husband asks that paragraphs 22 and 23 be stricken, alleging that references therein contained are scandalous, impertinent and irrelevant.[3]

---

[3] Paragraph 22 of the complaint is as follows:

"Plaintiff occupied the home, referred to in paragraph 16 above, until February 5, 1965, at which time, while Plaintiff was at work pursuant to the agreement referred to in paragraph 12 above, Defendant Husband and/or Defendant Father and/or Defendant Mother, without cause and without Plaintiff's knowledge or consent, moved or caused to be moved, Plaintiff's household furnishings and other personal possessions out of said home and to be placed in storage and other place(s) unknown to Plaintiff".

Paragraph 23 of the complaint is as follows:

"At the time of removing or causing Plaintiff's property to be removed from the home referred to in paragraph 16 above, De-

Scandalous matters consist of any unnecessary allegation which bears cruelly upon the moral character of an individual, or states anything which is contrary to good manners, or anything which is unbecoming to the dignity of the court to hear, or which charges some person with a crime not necessary to be shown. Impertinence in a pleading is the averment of a fact or facts which are irrelevant to the material issues made or tendered, and which, whether proven or not, or whether admitted or denied, can have no influence in leading to the result of the judicial inquiry. When the allegations do not appear to be wholly irrelevant in every particular, the allegations will not be stricken: Alwine v. Erb, 11 D. & C. 2d 279, 68 Dauph. 161, 164 (1955).

An examination of paragraphs 22 and 23 does not, in our opinion, support the charge of the husband that the facts therein contained are scandalous, impertinent or irrelevant.

As a second reason in support of the husband's motion to strike, he avers that paragraphs 28, 29 and 30 are conclusions of law unsupported by averred facts.[4]

---

fendant Husband and/or Defendant Father and/or Defendant Mother locked the home, referred to in paragraph 16 above, posted no trespassing signs and, since February 5, 1965, at all times thereafter have denied Plaintiff access, use, occupancy or other rights to the premises described in Exhibits 'A' and 'B' attached hereto and the home erected on said premises".

[4] Paragraph 28 of the complaint is as follows:

"Because of the repudiation by Defendant Husband, Defendant Father and Defendant Mother of the agreements set forth above in respect to the borrowing of money, purchase of land, erection of the home and transfer of title upon satisfaction of the Mortgage indebtedness, Plaintiff has become and is now entitled to repayment of all funds which she has entrusted to all of the Defendants herein named on account of the reduction of the indebtedness on the Mortgage set forth in Exhibit 'B', attached hereto".

Paragraph 29 of the complaint is as follows:

It is conceded that conclusions of law have no place in a pleading and, like evidence, may be ignored in the answer to such averment. However, striking off the pleading which contains conclusions of law would not be justified in the absence of some showing of real prejudice from such inclusion. The rules do not expressly prohibit pleading conclusions of law. They are impliedly excluded by the general limitation in Pa. R. C. P. 1019(a), restricting the pleadings to material facts. Accordingly, we find no merit in either of the reasons assigned by the husband in support of his motion to strike off.

Both the husband and his parents ask that plaintiff be required to file a more specific complaint under Pa. R. C. P. 1017(b)-3.

The basis for the request for a more specific complaint is that the oral agreement pleaded fails to state date, place or specific terms and fails to aver the amount of funds provided by plaintiff or when the money was earned by her. The only question under this rule is whether the complaint is sufficiently clear to enable defendant to prepare a defense or whether plaintiff's complaint informs defendant with accuracy and completeness of the specific basis on which recovery is sought, so that it may know without question upon what grounds to make a defense: Bentz v. Parmer, 61 Dauph. 376 (1950).

The requirement that time be averred specifically does not require exact precision. The rule is satisfied if the time is sufficiently identified so that there is no uncertainty between the parties as to what time is intended: Anthony Yanetti v. F. D. Kessler, Inc., 51 Schuyl. 68 (1955); 2A Anderson Pa. Civ. Prac.

---

"Unless immediate equitable relief is granted to Plaintiff, great hardship and irreparable damage will result to her".

Paragraph 30 of the complaint is as follows:

"Plaintiff has no adequate remedy at law".

1019.61. By the very nature of the agreement between the parties, the agreement must have been made on an ambulatory basis. This does not render the agreement any the less effective; rather, it merely provides a flexible agreement whereby the parties may vary the terms as the needs arise. That is, the various terms as to amounts of money to be borrowed, expended and repaid would be determined by the progress made in the construction of the home. The terms of the loan probably would not become definite until the house was completed and the total cost thereof ascertained. At that time, the parties would know how much money would have to be borrowed and would be able to arrange a repayment schedule. Construction mortgages are negotiated in advance of construction, but all too frequently the amount agreed upon is more or less than that which is actually used.

The husband professes ignorance as to the amounts contributed by plaintiff to the reduction of the mortgage indebtedness. He was the recipient and deliverer of the amounts to the bank, and the parents, as debtors, would be totally interested in the liquidation of their debt to the bank. It would seem, under the circumstances of this case, that the husband and his parents actually possessed as much knowledge of the facts as plaintiff, and plaintiff would not, therefore, be required to make a more specific complaint: Sprecker v. Minutola, 70 D. & C. 595, 60 Dauph. 582 (1949).

In considering the sufficiency of the complaint, the several paragraphs of the complaint must be read together; they cannot be considered without relation to each other: Cattarius v. Horn, 77 Dauph. 8, 11 (1961).

We conclude that plaintiff's complaint has satisfied all the rules as to specificity and clearly apprises defendants of the litigation which they will be required

to defend. If additional information is necessary, it can be obtained by discovery prior to trial.

Accordingly, we make the following

ORDER

And now, February 14, 1967, the demurrer of LeRue Dean Fromm, Jr., a/k/a LeRue Dean Fromm, II, and the demurrer of LeRue Dean Fromm and E. Virginia Fromm, his wife, are dismissed; the demurrer of the Farmers Bank and Trust Company of Hummelstown is sustained; the motion of LeRue Dean Fromm, Jr., a/k/a LeRue Dean Fromm, II to strike is denied; the motions of LeRue Dean Fromm, Jr., a/k/a LeRue Dean Fromm, II, and LeRue Dean Fromm and E. Virginia Fromm, his wife, for more specific pleading are denied. The prothonotary is directed to notify the parties or their counsel of this order forthwith, and defendants, LeRue Dean Fromm, Jr., a/k/a LeRue Dean Fromm, II, and LeRue Dean Fromm and E. Virginia Fromm, his wife, shall file an answer to the complaint in equity within 20 days of receipt of this order. Costs to follow the final determination of the suit.