## Kidder Township v. Dotter

*Shutack, Lavelle & Lavelle*, for plaintiff.
*Prutzman & Quinn*, for defendant.

HEIMBACH, P. J., March 22, 1967.—We have before us the appeal of Raymond Dotter, who was found guilty in a summary conviction proceeding of parking a trailer in violation of a zoning ordinance relegating the parking of all trailers to a park area.

The evidence before us is this: A township ordinance enacted May 15, 1963, prohibits a trailer to be parked anywhere in the township other than in a designated park area for more than 48 hours without obtaining a special permit. Defendant, for a number of years prior to the enactment of the ordinance in 1963, parked an 8 feet by 36 feet mobile house trailer in an area other than the now-designated park area. In May, 1966, defendant replaced the old trailer with a new mobile

house trailer, measuring 12 feet by 58 feet, at the identical location. This was accomplished by moving out the smaller trailer and immediately thereafter moving in the larger trailer. An application for a permit to so park was made after the alleged violation was noted. The application was refused.

The new trailer, as was the old, is affixed to the ground, equipped with water and electric facilities, a septic tank, a heating system, a patio, and the wheels have been removed.

Defendant contends: (1) that the restriction in the ordinance is not applicable to him, since the exchange of trailers was a reasonable extension of a nonconforming use; (2) that the ordinance as to him is unconstitutional, because it attempts to exclude the parking of house trailers in Kidder Township except in a designated trailer area, and refuses to recognize a trailer as a single family dwelling house because the living area contains but 696 square feet, when the ordinance requires such a single family dwelling to be 750 square feet.

## DISCUSSION

*Was defendant's exchange of trailers a reasonable extension of a non-conforming use?*

Nonconforming use, as used in the ordinance, Article II, Section 201, means "use of a building or of land that does not conform to regulations as to use in the district in which it is situated".

Article XIV, section 1400, provides:

"The lawful use of a building or structure or the lawful use of any land as existing and lawful at the time of enactment of a Zoning Ordinance, . . . may, . . . be continued, although such use does not conform with the provisions of such ordinance or amendment".

Section 1401.1 of the same article provides:

"Enlargements. No non-conforming use shall be enlarged or extended off the lot occupied by such use at

the time of the adoption of this ordinance or shall be enlarged or extended to occupy any part of a required yard".

Section 1401.4 of the same article provides:

"Cessation of land use. If any non-conforming use of land ceases for any continuous period of not less than six months for any reason . . . any subsequent use of such land shall be in conformity to the regulations specified. . . ."

Admittedly, defendant parked and maintained a mobile house trailer in Kidder Township at the same location prior to and subsequent to the enactment of the ordinance. Admittedly, the use of the exchanged trailer was not extended beyond the area heretofore used or extended to occupy any part of a required yard.*

Admittedly, defendant did not cease to use the land for the same use for more time than it required to move one trailer off the land and set up another trailer at the same location, obviously less than six months.

We have not found any provisions in the zoning ordinance inconsistent with the sections we have herein set forth. We conclude, therefore, without reference to constitutional or decisional law, that defendant has not violated the ordinance in any respect. Being a nonconforming user of the land, he in no fashion

---

* Rear yard is defined as "An open space on the same lot with a building, between the rear wall of the building and the rear line of the lot, and unoccupied except for accessory buildings and open porches which in the aggregate shall occupy not more than thirty-five per cent (35%) of the area".

Side yard is defined as "An open unobstructed space on the same lot with a building, between the building and the side line of lot extending through from the front to the rear yard, into which space there shall be no extension of building parts other than eaves with an over-hang of not more than two (2) feet, rain water leaders, window sills and other such fixtures and open steps for a distance not exceeding four (4) feet".

changed the existing use of the land by employing a larger trailer than the one he employed before.

Although we are of the opinion he has not violated the ordinance, notwithstanding, his actions are protected by decisional law: Lower Merion Township v. Frankel, 358 Pa. 430; Kitnier v. Kreitz Corporation, 404 Pa. 406; Peirce Appeal, 384 Pa. 100; Humphreys v. Stuart Realty Corporation, 364 Pa. 616; Reich and Frey v. Lehighton Zoning Board of Adjustment, 1 Carbon 195.

Wherefore, we have reached the conclusion, without passing on defendant's contention that the ordinance as to him is unconstitutional as being unnecessary, that defendant was improperly found guilty of violating the zoning ordinance of Kidder Township, and, therefore, it is ordered that the conviction be set aside. Costs on the Township of Kidder.