Opinion by
Judge Crumlish, Jr.,
This is a zoning appeal. In June of 1972, Appellant, Louis S. Rubin, filed an application for a zoning permit for the development of a 10.34 acre tract in Upper Southampton Township as a 96 unit apartment complex.[1] The permit was refused by the Township’s zoning officer because apartments are not a permitted use within the R-2 Residential district (single family dwellings) in which the property is located. An appeal to the Township Zoning Hearing Board followed, wherein Appellant requested a variance for the apartment use. The zoning board denied a variance finding neither a unique hardship nor the unmarketability of the property as it is presently zoned. Appellant duly appealed to the lower court which affirmed without taking additional evidence.
Hence this appeal.
In appeals like this where the court below did not consider additional evidence, our scope of review is limited to a determination of whether the zoning board committed a manifest abuse of discretion or erred as a matter of law. Radnor Township v. Falcone, 16 Pa. Commonwealth Ct. 283, 328 A.2d 216 (1974); Dewald v. Board of Adjustment, City of Pittsburgh, 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974). Appellant urges us to undertake an independent fact-finding function in this case because there is evidence of an “exclusionary” intent by the Township in attempting to frustrate Appellant’s application by burdensome administrative delays. We disagree. At most, *474 the zoning officer’s initial reluctance to provide Appellant with zoning application forms reflects an honest misunderstanding of the appropriate vehicle of relief, namely, a rezoning application rather than a variance, and any delay caused by the mandamus action did not infect the zoning board proceedings. In any case, such an expanded scope of review can only be undertaken by an appellate court where the zoning board has committed a fundamental error of law which renders its findings of fact inadequate. Here we find no such error and hence review the zoning board’s findings for substantial evidence.
The standards governing the grant or denial of a variance are firmly established. As so ably stated by our sister Judge BLATT in Alfano v. Zoning Hearing Board of Marple Township, 14 Pa. Commonwealth Ct. 334, 336-337, 324 A.2d 851, 852-53 (1974), a case of remarkable factual similarity to the instant appeal:
“A variance should, of course, be granted only in exceptional circumstances and the burden of proving its need is a heavy one. The Boulevard Land Corporation v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973). In order to establish his right to a variance, an applicant must prove: (1) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (2) that the variance would not have an adverse effect upon the public health, safety or welfare. Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107, 270 A.2d 616 (1970). An applicant can establish the existence of an unnecessary hardship ‘ (1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense ... or (2) by proving that the characteristics of the area were such that the lot has either no *475 value or only a distress value for any purpose permitted by the zoning ordinance. . . .’ Philadelphia v. Earl Scheib Realty Corp., 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973). Economic hardship, however, short of rendering property practically valueless, does not justify a variance. Boulevard Land Corporation, supra.”
A review of the record reveals the following: Appellant bought the subject tract in 1958 at which time it was and still remains zoned for single family residential uses. Physically, the property is vacant and wooded; two small streams traverse the tract with a resultant irregular flood plain on the land fronting County Line Road; and a 40 foot wide gas pipeline easement runs through the eastern third of the property in a north-south direction. The property is bordered on three sides by land zoned or developed as single-family residences, and 33 acres across County Line Road in Lower Moreland Township had been rezoned for a shopping center but no development had begun at the time of Appellant’s application. Additionally, the tract is abutted to the east by a municipal sewage pumping station and a non-conforming light-industrial use. Appellant subdivided a one and one-quarter acre parcel in 1962, and one-quarter acre was condemned for the pumping station in 1964. Otherwise the property has remained intact.
The crux of Appellant’s case is that his property, as presently zoned, is “practically valueless” due to 1) its physical limitations, 2) the conditions surrounding the tract; and 3) his unsuccessful efforts to sell the property since 1960. The mere placing of a “for sale” sign on the property and listing it with local real estate brokers without quoting a sales price, however, does not evidence “the active, prolonged and specific testing of the marketability of the ground which is essential to demonstrate that it cannot be sold or used for the purpose zoned.” Mobil Oil Corp. v. Zoning Board of Adjustment, 5 Pa. Common *476 wealth Ct. 535, 540, 291 A.2d 541, 544 (1972). See also Rees v. Zoning Hearing Board of Indiana Township, 11 Pa. Commonwealth Ct. 461, 315 A.2d 317 (1974). The Township’s engineer and real estate expert testified that the property could be subdivided into 10 to 15 usable lots under the existing R-2 zoning which could be competitively developed and marketed as single-family residences similar to those on adjacent tracts. Suffice it to say that the zoning board accepted this evidence in making its findings of fact, and in careful examination, we find it to be substantial, competent evidence in support thereof.
Appellant’s real estate expert, however, disproved Appellant’s own case. He testified that the land was practically valueless for single-family development because homes could not be marketed in that area for the $50,000 construction cost. On cross-examination, however, this witness admitted that he had not undertaken a detailed cost analysis for Appellant’s tract, but rather had relied upon the improvement costs of another project in which he was involved. Additionally, he agreed that homes in the immediate area were being marketed for $50,000, and that the land as presently zoned could be sold for $10,000 to $40,000. This does not give a property distress value. At best (and not uncommon in the contests we hear too frequently), it indicates that Appellant could make a greater profit by selling his property for apartments rather than for single family homes. We say it again, mere economic hardship will not support a variance. Jasy Corp. v. Board of Adjustment, 413 Pa. 563, 198 A.2d 854 (1964); Alfano v. Zoning Hearing Board of Marple Township, supra; Levin v. Zoning Hearing Board of the Township of Radnor, 11 Pa. Commonwealth Ct. 452, 314 A.2d 579 (1974).
Finally, the record here does not establish a property hardship as was found in Pfile v. Borough of Speers, 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972).
Order affirmed.

. Appellant’s initial attempt to apply for a zoning permit in April of 1972 was rebuffed by the zoning officer’s refusal even to provide him with the necessary application forms. This was apparently on the advice of the Township solicitor who was of the opinion that Appellant would have to proceed by way of a rezoning rather than a variance due to size of the acreage and nature of change in zoning involved. Following the issuance of a writ of mandamus by the Court of Common Pleas of Bucks County on June 1, 1972, the application forms were promptly tendered to Appellant.