Eighteenth & Rittenhouse Associates, Appellant *v.* Zoning Board of Adjustment and Center City Residents' Association, Appellees.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Carl K. Zucker,* with him *Reuben E. Cohen,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellant.

*Ronald H. Beifeld,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

*Peter L. Shaw,* with him *Saul, Ewing, Remick & Saul,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., October 14, 1976:

This is a zoning appeal by Eighteenth & Rittenhouse Associates (Appellant) from an order of the court of common pleas affirming the Zoning Board of Adjustment's (ZBA) refusal to grant a variance for the use[1] of the premises, 250 South 18th Street ("250"). "250" is located in an area zoned "R-16" Residential where the proposed offices and savings and loan uses are not permitted.

---

[1] The use sought was for two professional offices and a savings and loan on the ground floor of a twenty-eight unit condominium.

In 1970, Appellant's predecessor in interest received a variance from the court of common pleas for a twenty-seven unit apartment house with four non-conforming doctors' offices and a real estate office.[2] Appellant, relying on *Grace Building Co. v. Hatfield Township*, 16 Pa. Commonwealth Ct. 530, 329 A.2d 925 (1974), contends that the existing variance for a real estate office entitles it to a variance for another commercial use so long as there is no change in circumstances, intensification of usage, or greater impairment of public interest. We must disagree.

In *Grace, supra*, we held that after a zoning board properly granted a variance from a zoning ordinance as a result of a finding of unnecessary hardship, the board abuses its discretion in refusing a subsequent variance request for the same property in the absence of relevant new evidence that a variance was no longer justified.

Appellant, here, is not claiming a new variance for the same real estate office use, but is asking that an adjudication of unnecessary hardship for a real estate office commercial use is *res judicata* with respect to the application for a savings and loan commercial use. In *Heller v. Zoning Board of Adjustment*, 404 Pa. 8, 171 A.2d 44 (1961), our Supreme Court, in holding that an adjudication which found unnecessary hardship for a *nine-family* dwelling was not *res judicata* for an application for a *ten-family* dwelling for the same property, wrote:

"The appellants now take the position that they have a continuing right, as if by res judicata, to this variance so long as they make no external structural

---

[2] The variance was denied by the ZBA but on appeal, the court of common pleas, without taking additional testimony, reversed the ZBA and ordered the grant of the variance.

changes or reduce the size of the yard. Their secondary position is that the zoning ordinance does not limit the number of families who may live in a multiple-family residence.

. . . .

"The usual rules regarding identity of persons and things apply in this field, and we are clear that there is no enabling identity between a nine-family house and a ten-famliy house. The board and the court below properly treated the matter as one involving a variance separate from the variance of 1959." 404 Pa. at 9, 11, 171 A.2d at 45, 46.

Clearly, if an increase in the *number* of units for an *identical use* is not *res judicata*, a *change of use* is not.

In an appeal, such as this, from the denial of a variance where the court below took no additional evidence, review by this Court is to determine whether the zoning board abused its discretion or committed an error of law. *Delaware County Investment Corporation v. Zoning Hearing Board*, 22 Pa. Commonwealth Ct. 12, 347 A.2d 513 (1975). *Accord, Voortman v. Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 129, 343 A.2d 393 (1975).

An application for a variance from a zoning ordinance must establish that the requested use would not adversely affect public health, safety or welfare and that the present zoning restrictions burden the property with an unnecessary hardship (not an economic hardship) unique to the property, which must be shown by establishing that (1) the physical characteristics of the property are such that it could not be used for any permitted purpose or (2) could be so used only at prohibitive expense or (3) by proving that the characteristics of the area are such that the property has no value or only distress value for any permitted purpose. *Rubin v. Upper Southampton*

*Township,* 19 Pa. Commonwealth Ct. 469, 338 A.2d 773 (1975).

This is a very close case and we take cognizance of the fact that the ZBA could have rendered a contrary result in its adjudication, but, as the Supreme Court of Pennsylvania and this Court have admonished innumerable times, we cannot, as super zoning boards of adjustment, impose our preferences upon local municipalities. *Haverford Township v. Zoning Hearing Board of Haverford,* 21 Pa. Commonwealth Ct. 207, 344 A.2d 758 (1975).

Familiar or not as this Court may be with this property and its environs, the local ZBA has a duty to familiarize itself with all of the facets of the property in properly exercising its discretion. Assuming it did so, upon the record as it comes to us, the ZBA made a discretionary decision which the court below could properly affirm. Although we follow the result we reached in *Updegrave v. Philadelphia Zoning Board of Adjustment,* 25 Pa. Commonwealth Ct. 451, 360 A.2d 827 (1976), by affirming the order of the common pleas court, we are constrained to observe that local zoning boards can stifle land management and should be constantly alert to the dangers of expanding or restricting undesirable or desirable property developments of their communities. We are not clairvoyants, but we are fully aware of the heavy and continually growing case load confronting this and other zoning boards. Being conscious of the temptations to dispose of the burdening case load in the most expeditious manner, we suggest that cursory adherence to substantive as well as to procedural due process requirements can, in the aggregate, bound on an abuse of discretion. Having carefully reviewed this record, we hold that the ZBA did not abuse its discretion or commit an error of law.

Affirmed.

**ORDER**

AND Now, this 14th day of October, 1976, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.