## Shelley v. Carlisle Zoning Hearing Board

*Allen D. Smith,* for applicant.
*Frances H. Del Duca,* for neighbors.

SHEELY, *J.,* February 26, 1981—Appellant, Constance B. Ruby (hereinafter applicant), owner of the Walnut Bottom Tavern situate at 440 South College Street, Carlisle, Cumberland County, Pa., applied to the Borough of Carlisle for a building permit to reconstruct the Walnut Bottom Tavern (hereinafter tavern) which was damaged by fire on August 22, 1979. She also sought permission to expand the tavern to accommodate restrooms which would meet governmental regulations. It is undisputed that the tavern is a nonconforming use, located in an R-2 Medium Density Residential Zone, and it is a nonconforming structure. The Borough of Carlisle refused to issue a permit for reconstruction of the tavern. From this decision, applicant appealed to the Zoning Hearing Board of Carlisle (hereinafter board). The board held a hearing on the appeal on March 17, 1980. Neighbors of the tavern, Shelley, the Del Ducas and the Rogers, ap-

peared as of record at the hearing with their attorney and offered testimony opposing the issuance of a building permit and a variance to expand the tavern. On April 10, 1980 the board issued its opinion authorizing the issuance of a building permit for the reconstruction of the tavern substantially as it existed prior to the fire, without any expansion for restrooms. The board further conditioned its approval on the removal of the entire second floor of the tavern, which had previously been used as applicant's residence. In addition, the board required the installation of off-street parking and the repair of curbing and sidewalks surrounding the tavern. Both applicant and the neighbors appealed from the board's order. Since there were opposing parties, the board did not intervene in the appeal. The cases were therefore consolidated for a decision by the court.

The board indicated in its opinion that its findings of facts and order are based upon a review of the testimony and exhibits presented at the hearing held March 17, 1980 and upon a physical inspection of the premises held March 21, 1980 after notice to applicant who had a representative present during the inspection. There is no evidence that notice of the view was given to the neighbors. The neighbors contend that this view violated section 908(8) of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended June 1, 1972, P.L. 333, 53 P.S. § 10908(8). Section 908(8) provides as follows:

"The board or the hearing officer shall not communicate, directly or indirectly, with any party or his representatives in connection with any issue

involved except upon notice and opportunity for all parties to participate, shall not take notice of any communication, reports, staff memoranda, or other materials unless the parties are afforded an opportunity to contest the material so noticed and shall not inspect the site or its surroundings after the commencement of hearings with any party or his representative unless all parties are given an opportunity to be present." (Emphasis supplied.)

Section 908(8) is intended to prevent ex parte communications by the board. We are aware that section 908(8) has been held not to prohibit a view by the board with no parties present: Angelo v. York Township Zoning Board, 60 D. & C. 2d 14 (1972). However, section 908(8) is a mandatory section, and if the board met with a representative of applicant without notice to the neighbors, parties to the case, it has violated section 908(8). We therefore remand the case to the board for further evidence that proper notice was given to all parties to the case or to hold a view in compliance with section 908(8). In either case, the board should issue a supplemental opinion making any changes to its prior opinion which may be necessitated by this order.

## ORDER

And now, February 26, 1981, in accordance with the opinion filed this date, the cases docketed to no. 1696 Civil 1980 and no. 1783 Civil 1980, are remanded to the board for further action in compliance with section 908(8) of the Municipalities Planning Code.