462 A.2d 637

**VALLEY VIEW CIVIC ASSOCIATION**

v.

**ZONING BOARD OF ADJUSTMENT and Alma Horen, Appellants.**

Supreme Court of Pennsylvania.

Argued April 21, 1983.

Decided July 1, 1983.

Franklin H. Spitzer, Philadelphia, for Horen.

Peter F. Kelsen, Philadelphia, for Zoning Bd.

Daniel Sherman, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Justice.

In this appeal we have agreed to review the Commonwealth Court's reversal of an order of the Philadelphia Court of Common Pleas upholding the decision of appellant Zoning Board of Adjustment (Board) to grant variances to appellant Alma Horen. At issue is whether the evidence was sufficient to permit the Board to conclude (1) that denial of the variances would result in unnecessary hardship to Ms. Horen and (2) that Ms. Horen's proposed commercial use of her property would not be contrary to the public interest. Having reviewed the record in accordance with the well-established principles of judicial review governing variances, we conclude that the Board's findings were supported by substantial evidence and should not have been disturbed. Accordingly, we reverse the order of the Commonwealth Court and reinstate the order of the Court of Common Pleas affirming the Board's action.

### I.

The real property involved in this matter, a lot improved with a three-story detached house at 7571 Ridge Avenue in Philadelphia, was purchased by Ms. Horen in the fall of

1979. On January 3, 1980, Richard J. Sheward, an architect retained by Ms. Horen, sought permission from the Philadelphia Department of Licenses and Inspections to convert the Ridge Avenue property into a take-out steak and sandwich shop and a two-family dwelling. Since the property was situated in a district rezoned single family residential in August 1978, both uses were summarily refused. Ms. Horen then sought variances from the Board to permit such uses. Mr. Sheward and representatives of appellee Valley View Civic Association (Valley View) and three other civic groups opposing the grant of variances testified before the Board on January 24, 1980. By a unanimous vote, the Board granted the requested variances on February 14, 1980. Valley View obtained review in the Philadelphia Court of Common Pleas by way of a writ of certiorari, and Ms. Horen was permitted to intervene in the proceedings before that court. No additional evidence was taken. After oral argument, the Court of Common Pleas affirmed the Board's action. Valley View subsequently appealed to the Commonwealth Court, and on June 22, 1982, a three-judge panel of that court, one judge dissenting, reversed. Following denial of reargument, this Court granted Ms. Horen's petition for allowance of appeal.[1]

## II.

We are guided in our review of this matter by a number of firmly established legal principles. Since no additional evidence was presented subsequent to the Board's determination, the scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law in granting the instant variances. *E.g., Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970); *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970); *DeCristoforo*

---

1. That petition was granted on October 7, and an appeal docketed on October 15, 1982. This Court is vested with jurisdiction pursuant to 42 Pa.C.S. § 724(a). The Board did not join in Ms. Horen's petition but reserved the right to present argument in the event the petition was granted. *See* Pa.R.A.P. 1115(b).

*v. Philadelphia Zoning Board of Adjustment,* 427 Pa. 150, 233 A.2d 561 (1967); *McClure Appeal,* 415 Pa. 285, 203 A.2d 534 (1964); *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A.2d 138 (1963); *Brennen v. Zoning Board of Adjustment,* 409 Pa. 376, 187 A.2d 180 (1963); *Crafton Borough Appeal,* 409 Pa. 82, 185 A.2d 533 (1962); *Poster Advertising Co., Inc. v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A.2d 521 (1962); *Upper Providence Township Appeal,* 407 Pa. 20, 179 A.2d 194 (1962); *Haas v. Zoning Board of Adjustment,* 403 Pa. 155, 169 A.2d 287 (1961). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. 53 P.S. § 11010 (1972); 2 Pa.C.S. § 754(b); *Bilotta v. Haverford Township Zoning Board of Adjustment,* 440 Pa. 105, 270 A.2d 619 (1970); *Ferry v. Kownacki,* 396 Pa. 283, 152 A.2d 456 (1959); *Tidewater Oil Co. v. Poore,* 395 Pa. 89, 149 A.2d 636 (1959); *Edwards Zoning Case,* 392 Pa. 188, 140 A.2d 110 (1958); *Lindquist Appeal,* 364 Pa. 561, 73 A.2d 378 (1950). By "substantial evidence" we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 492 Pa. 1, 421 A.2d 1060 (1980); *Norfolk and Western Railway Co. v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 413 A.2d 1037 (1980); *Pennsylvania State Board of Medical Education and Licensure v. Schireson,* 360 Pa. 129, 61 A.2d 343 (1948); *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.,* 345 Pa. 398, 29 A.2d 90 (1942).

The standards governing the grant of a variance are equally well settled. The reasons for granting a variance must be substantial, serious and compelling. *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970); *Crafton Borough Appeal, supra; Poster Advertising Co., Inc. v. Zoning Board of Adjustment, supra; Magrann v. Zoning Board of Adjustment,* 404 Pa. 198, 170 A.2d 553 (1961). *Ventresca v. Exley,* 358 Pa. 98, 56 A.2d 210 (1948). The party seeking the variance bears the burden of proving that (1) unnecessary

hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest. *Pyzdrowski v. Pittsburgh Board of Adjustment, supra; Filanowski v. Zoning Board of Adjustment, supra; O'Neill v. Zoning Board of Adjustment,* 434 Pa. 331, 254 A.2d 12 (1969); *Jasy Corp. v. Board of Adjustment,* 413 Pa. 563, 198 A.2d 854 (1964); *Peirce v. Zoning Board of Adjustment, supra; Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 188 A.2d 709 (1963); *Crafton Borough Appeal, supra; Magrann v. Zoning Board of Adjustment, supra; Upper St. Clair Township Grange Zoning Case,* 397 Pa. 67, 152 A.2d 768 (1959); *see* Act of July 31, 1968, P.L. 805, art. IX, § 912, 53 P.S. § 10912 (1972). The hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district. *McClure Appeal, supra; Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964); *Jasy Corp. v. Board of Adjustment, supra; Peirce v. Zoning Board of Adjustment, supra; Brennen v. Zoning Board of Adjustment, supra; Crafton Borough Appeal, supra; Enokay, Inc. Appeal,* 407 Pa. 593, 181 A.2d 842 (1962); *Magrann v. Zoning Board of Adjustment, supra; Upper St. Clair Township Grange Zoning Case, supra.* Moreover, mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance. *Pyzdrowski v. Pittsburgh Board of Adjustment, supra; O'Neill v. Zoning Board of Adjustment, supra; Hasage v. Philadelphia Zoning Board of Adjustment, supra; Dishler v. Zoning Board of Adjustment,* 414 Pa. 244, 199 A.2d 418 (1964); *Jasy Corp. v. Board of Adjustment, supra; Crafton Borough Appeal, supra; Poster Advertising Co., Inc. v. Zoning Board of Adjustment, supra; Enokay, Inc. Appeal, supra; Magrann v. Zoning Board of Adjustment, supra.* In evaluating hardship the use of adjacent and surrounding land is unquestionably relevant. *Filanowski v. Zoning Board of Adjustment, supra; see Peirce v. Zoning Board of Adjustment, supra; Nicholson v. Zoning Board of Adjustment,* 392 Pa. 278, 140 A.2d 604 (1958); *Avanzato Appeal,* 44 Pa.Commw. 77, 403 A.2d 198 (1979); *Board of Commission-*

ers of Upper Moreland Township v. Zoning Board, 25 Pa. Commw. 626, 361 A.2d 455 (1976); Haverford Township v. Zoning Hearing Board of Haverford, 21 Pa.Commw. 207, 344 A.2d 758 (1975); DiBello v. Zoning Board of Adjustment, 4 Pa.Commw. 546, 287 A.2d 856 (1972).

### III.

With the above principles in mind we turn to an examination of the evidence upon which the Board based its decision. Mr. Sheward, Ms. Horen's architect, testified at the Board hearing that the property at 7571 Ridge Avenue was situated between a convenience store, open twenty-four hours a day, and a gas station, and that a bank and a retail tire store were across the street. In addition, he stated that a nursery business had been conducted from the premises prior to Ms. Horen's purchase. The ground floor had been used as an office and there were two apartments on the upper floors. Following the hearing, Mr. Sheward supplemented the record with photographs and a drawing of the site and its surroundings.[2] The report of the Board's inspector revealed the presence of a dentist's office and a beer distributor, in addition to the convenience store, to the north of Ms. Horen's property. That report also indicated that there were four garages, an office and a cocktail bar opposite the property as well as the bank and the tire store. The Board also learned from a visual inspection [3] the existence of the following uses on the east side of Ridge Avenue, the side on which the property was situated, from Shawmont Avenue south to Wigard Street:

> [F]illing station, beauty shop, barber shop, farm and golf supply, dwelling, haberdashery, vacant dwelling and store,

**2.** Valley View has strenuously objected to the inclusion of these exhibits in the record. Both this Court and the Commonwealth Court denied motions to exclude the exhibits.

**3.** No violation of 53 P.S. § 10908(8) (1972) has been alleged. Thus we shall assume that the Board's reliance upon the inspector's report and its own visual inspection was proper. See generally Shelley v. Carlisle Zoning Hearing Board, 18 Pa. D. & C.3d 337 (C.C.P. Cumberland Co.1981); Angelo v. York Township Zoning Board, 60 Pa.D. & C.2d 14 (1972).

beer distributor with large warehouse and two large ice dispensing machines on Ridge Avenue, two twin dwellings, Seven Eleven Store, subject property, filling station, twin dwelling, vacant lot, dwelling, rubbish removal business, vacant lot, dwelling, Phila. Elec. Transformers.

Findings of the Zoning Board of Adjustment at 4.

Valley View's representative at the hearing characterized Ridge Avenue as a major thoroughfare:

Ridge Avenue is a truck route, public transportation bus route, SEPTA, school bus route, and also bears the voluminous passenger motor vehicles which constantly travel throughout the day and evening.

Notes of Testimony at 7.

On the basis of the above evidence the Board made the following conclusion:

Applicant has demonstrated by substantial evidence the existence of unnecessary hardship by showing that the subject property is virtually surrounded by dissimilar and disharmonious commercial and industrial uses which render it virtually impossible to use the site for residential purposes.

Findings at 7.

The Commonwealth Court acknowledged the relevance of the evidence upon which the Board's decision was based. That court expressed the view, however, that such evidence "is not conclusive, *absent a showing that the property is rendered practically valueless as zoned.*" *Valley View Civic Association v. Zoning Board of Adjustment,* 67 Pa.Commw. 233, 237, 446 A.2d 993, 995 (1982) (emphasis in original). This additional burden, the court indicated, was not met:

We ... have found no evidence that the property cannot physically be used for residential purposes or that it has no value or only a distress value for residential use. *Id.*

We disagree.

■ This Court has never held that a property owner seeking a variance must present direct evidence as to the

value of the property as zoned. We have in the past, for example, upheld the grant of a variance where no evidence of an attempt to sell the property was submitted. *E.g., Forest Hills Borough Appeal,* 409 Pa. 392, 187 A.2d 166 (1963); *Nicholson v. Zoning Board of Adjustment, supra; Garbev Zoning Case,* 385 Pa. 328, 122 A.2d 682 (1956). While evidence of the owner's inability to sell his property has unquestionable probative value, *see e.g. Peirce v. Zoning Board of Adjustment, supra; Ferry v. Kownacki, supra,* it would be unreasonable to force a property owner to attempt to sell as a prerequisite to the grant of a variance. We reiterate that the only showing required by our case law is that (1) an unnecessary hardship will be worked upon the property owner if the variance is denied, and (2) the proposed variance will not be contrary to the public interest. It is the function of the zoning board to determine whether the evidence satisfies that test and the courts will not disturb that determination unless it is not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

We are satisfied that the Board could reasonably have inferred from the evidence before it that the extensive commercial and industrial uses in the immediate vicinity rendered Ms. Horen's property virtually unusable and of scant value for traditional residential purposes. That evidence paints a picture of a property flanked by a large convenience store and a gas station on a heavily travelled roadway, surrounded by a patchwork of commercial and industrial businesses, vacant lots and intermittent dwellings. It would not be unreasonable to infer that a property so situated would be undesirable and hence unmarketable for residential use. Thus there was substantial evidence to support the Board's findings and we need look no further.

### IV.

In light of its disposition, the Commonwealth Court did not reach the question of whether Ms. Horen met her burden of demonstrating that the requested variance would

not contravene the public interest. We are satisfied that there was substantial evidence to support the Board's findings on that issue as well.

The testimony established that the primary consideration in rezoning the district of which the instant property was a part was to prevent further traffic congestion on Ridge Avenue. Ms. Horen's architect testified that the anticipated clientele of the proposed sandwich shop were motorists already on the Avenue, that there were an adequate number of legal parking spaces in front of the property and that his proposed plans included eleven off-street parking spaces in the rear of the property. Moreover, the protestants conceded that they were not opposed to some other commercial use.

The other concern expressed by the protestants was that the shop would attract students from schools in the area during school hours and serve as a "hang-out" afterwards. This assertion was countered by evidence that the shop's hours would be 12:00 p.m. to 10:00 p.m. at the latest, and that the shop would have take-out service only and have no tables for patrons. The architect also pointed to the family character of the proposed business, indicating that his client would not permit her shop to become a "hang-out." In addition, he explained that the rules of the local schools prohibited students from leaving the school premises during the school day.

On the basis of the above testimony and the other evidence, the Board concluded:

> Applicant has demonstrated by substantial evidence that the proposed use will not be contrary to the public interest, and is in fact harmonious with existing uses in the area.

Findings at 7.

We find no reason to upset that decision.

Accordingly, the order of the Commonwealth Court is reversed and the order of the Court of Common Pleas affirming the Zoning Board of Adjustment is reinstated.

HUTCHINSON, J., files a dissenting opinion.

McDERMOTT, J., did not participate in the decision of this case.

HUTCHINSON, Justice, dissenting.

The only issue here is whether appellant Alma Horen met her burden of proving that because of the particular physical surroundings, shape, or topography conditions of the specific structure or land involved, a literal enforcement of the provision of this title would result in "unnecessary hardship." Philadelphia Zoning Code, § 14–802. *See Walter v. Z.B.A.,* 437 Pa. 277, 263 A.2d 123 (1970); *O'Neill v. Z.B.A.,* 434 Pa. 331, 254 A.2d 12 (1969). The variance here involved is a "use" variance. This Court has recognized that there is a distinction between use variances and dimensional variances in that a use variance carries a greater risk of injury to the public interest. *O'Neill v. Z.B.A.,* 434 Pa. at 337–38, 254 A.2d at 16. *See Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 234, 298 A.2d 598, 602 (1972). *See also* R. Anderson, Law of Zoning in Pennsylvania, § 17.47 (1982).

Thus, the Commonwealth Court has held:

Variances, especially those authorizing commercial uses in a residential district, should not be generously granted. *McKay v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973). A variance should be granted only in the exceptional case and the burden of proving its need is heavy. *The Boulevard Land Corporation v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973).

*J. Richard Fretz, Inc. v. Hilltown Tp. Z.H.B.,* 18 Pa. Commonwealth Ct. 471, 473–474, 336 A.2d 464, 465–466 (1975).

Commonwealth Court held here:

Unnecessary hardship can be established by showing 1) that the physical characteristics of the property are such that it cannot be used for any permitted purpose or that it could be so used only at prohibitive expense or 2) *that the characteristics of the area* are such that the property has no value or has only distress value if used for a purpose

permitted by the ordinance. *Avanzato Appeal,* 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979); *Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976). . . .

In the instant case, Appellee presented evidence of hardship in the form of testimony that her property is surrounded by commercial uses. Furthermore, the Board found from a visual inspection of the block on which the property is located that other uses on the block include: another gas station, a beauty shop and barber shop, a haberdashery, a beer distributor, a trash removal business and at least seven occupied dwellings. Thus, evidence of hardship was essentially limited to the existence of commercial uses in the vicinity of Appellee's property.

While the use of adjacent and surrounding land may be relevant in determining whether unnecessary hardship exists, we have noted in the past that it is not conclusive, *absent a showing that the property is rendered practically valueless as zoned. Avanzato Appeal; Upper Moreland Township Board of Commissioners v. Zoning Board,* 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976). We have carefully reviewed the record in this case and have found no evidence that the property cannot physically be used for residential purposes or that it has no value or only a distress value for residential use. The fact that Appellee proposes to continue to use the upper floors for residential purposes in itself strongly indicates to us that a use in conformity with the zoning ordinance may be possible here.

*Valley View Civic Asso. v. Z.B.A.,* 67 Pa. Commonwealth Ct. 233, 236–237, 446 A.2d 993, 995 (1982) (emphasis in original) (footnote omitted).

I agree with Commonwealth Court that there is no evidence to support the Zoning Board's finding that undue hardship required a use variance.[1] I would therefore affirm.

1. The factual findings of the Zoning Board of Adjustment must be supported by substantial evidence. *Center City Residents Asso. v. Z.B.A.,* 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980). The

record shows the applicant's only testimony in support of her variance was from her architect who described commercial uses in the block surrounding the applicant's property in the majority opinion. In the same block, however, there were seven residential dwellings. No witness testified that the commercial use of adjacent land prevented the use of this property for residential purposes. There was no evidence that the existing commercial uses were disharmonious with residential use of the subject property. No one testified that if the applicant's property was restricted to residential use, it would have no value or distress value. In fact, the record is barren of any testimony which would support the grant of a use variance other than a description of the block which demonstrates mixed commercial and residential use. As the Commonwealth Court aptly observed, most telling is the fact that under the proposed variance the subject property would be used for both commercial and residential purposes. Consequently, Commonwealth Court correctly concluded that the record did not include substantial evidence to support the Board's finding of unnecessary hardship. *See e.g., Richman v. Philadelphia Z.B.A.,* 391 Pa. 254, 137 A.2d 280 (1958).