554 A.2d 174

Giant Food Stores, Inc., Store No. 48, Petitioner
*v.* Commonwealth of Pennsylvania, Department of
Health, Special Supplemental Food Program for
Women, Infants and Children, Respondent.

Giant Food Stores, Inc., Store No. 41, Petitioner
*v.* Commonwealth of Pennsylvania, Department of
Health, Special Supplemental Food Program for
Women, Infants and Children, Respondent.

Argued November 3, 1988, before Judges DOYLE and
SMITH, and Senior Judge KALISH, sitting as a panel of
three.

*Michael D. Reed*, with him, *James J. Kutz, Shearer, Mette, Evans & Woodside*, for petitioner.

*Kenneth E. Brody*, Assistant Counsel, with him, *Ruth E. Granfors*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, February 13, 1989:

Giant Food Stores, Inc., stores #41 and #48, petitions for review of orders of the Pennsylvania Department of Health (Department), which removed both stores from the WIC program, a special supplemental food program for women, infants, and children. We affirm in part and reverse in part.

The WIC program is a federally funded and regulated program implemented by the Department in Pennsylvania. It is a supplemental food program for low income, pregnant or post-partum women who are at nutritional risk because of medical problems or poor diet (WIC Program Handbook). In Pennsylvania the program is implemented by the Department, which uses local agencies to oversee local aspects.

In order to implement the program, the Department entered into contracts with various vendors which among

others, included the individual Giant stores #41 and #48. The application for participation as a vendor in the WIC program was made a part of the contract, and provided as follows:

> If my store is approved for participation as a WIC Retail Store I am aware that my Authorization to participate is subject to review by the State Agency as early as 18 months from the effective date of Authorization. At the time of review that State Agency will Decide whether or not to renew my Authorization. I also understand that the Authorization will expire two years from the effective date, unless my store is granted an extension by letter of authorization from the State Agency.

Store #48 was certified to participate as a vendor under the WIC program on May 1, 1986. According to the terms of the agreement, certification was subject to review by the state as early as eighteen months from the effective date of the authorization.

The Department conducted a recertification inspection of store #48 on June 26, 1987, less than fourteen months after the original certification. At the time of the inspection there were 27 thirteen ounce cans of milk-based iron-fortified liquid concentrated formula, as opposed to the 62 cans required in the WIC program handbook. In addition there were 20 thirty-two ounce cans of soy-based formula, as opposed to 25 cans required by the WIC Program handbook. Store #48 was subsequently disqualified from the WIC program, prior to the expiration of its two year certification.

The Department contends that because the shortage was discovered on a day for recertification inspection, removal from the program was appropriate. The vendor, store #48, contends that under the terms of the agreement the authorization was for two years, and the Depart-

ment had no right to terminate the authorization prior to the end of the two years. Store #48 contends that early termination may only occur if there was a violation of the terms and conditions of participation that would result in a disqualification, terminating the contract. Store #48 asserts that this violation, a shortage in inventory levels, would warrant a warning letter and the opportunity to correct the shortage. It is argued that this violation would not merit disqualification, and should only impact on the issue of recertification beyond the two year period already in effect. In addition, store #48 argues that the Department did not follow its own regulations by inspecting for recertification four months early.

Michael Schappell, WIC retail coordinator for the Department, conceded that for a first offense involving a shortage the Department issues a warning. If the shortage was discovered during an inspection review, the shortage would have resulted in a warning letter and an opportunity to correct the problem, and would not merit termination. However, the Department contends that since the shortage was discovered on a day for recertification inspection, removal from the program was appropriate. In other words, the Department differentiates between a certification inspection and any other inspection.

Our scope of review is to determine whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

It is clear from a reading of the contract that the vendor's authorization was valid for a period of two years. The Department admits that the nature of the violation was such that in any period except a recertification one,

the penalty would have been a warning. It is difficult to follow the Department's logic. The substantive effect of a one time shortage should make no qualitative difference depending on the time or type of inspection. As to whether a store is properly managed, there is no distinction to be made between a recertification inspection and any other type of inspection.

The finding is not based on substantial evidence. Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). If a single product shortage is not sufficient to justify disqualification during a routine inspection, it is not sufficient to terminate store #48 from the WIC program on the basis of a one time shortage during a recertification inspection.

Examining the record in the light most favorable to the Department, giving it the benefit of all inferences that can logically and reasonably be drawn, there is not substantial evidence to support the Department's findings and subsequent conclusions. An appellate court can supply its own reasoning to support a conclusion. *Tronzo v. Unemployment Compensation Board of Review*, 514 Pa. 24, 522 A.2d 544 (1987).

The authorization for store #41 was suspended for one year, on the basis that the store failed to cooperate with the WIC training program. The Department suspended store #41 for failing to attend a December 10, 1986, training session and a February 4, 1987, make-up session. The terms for suspension are set forth in the WIC handbook, which states that for a first offense, a warning letter will be issued to the store. Thereafter, repeat offenders are suspended for one year from the program. We conclude that a repeated failure to cooperate in the training program was shown.

The Department found that a WIC bulletin containing notice of a mandatory training session was sent to store #41, as well as a follow-up letter with an attached registration form. The Department found that their representative, Joe Kester, contacted store #41, notifying the store of the scheduled training session. When store #41 failed to send a representative, Kester notified the store of the February 4, 1987, make-up session. Again, no one attended. We have examined the record, and find substantial evidence that the Department sent adequate notice of the training program to store #41. The Department's conclusions are supported by substantial evidence.

Accordingly, we reverse the Department with respect to store #48, and affirm with respect to store #41.

ORDER

NOW, February 13, 1989, the order of the Pennsylvania Department of Health, at WIC 87-023, is reversed, and the order of the Pennsylvania Department of Health, at WIC 87-022 is affirmed.