567 A.2d 787

BOARD OF TOWNSHIP SUPERVISORS OF MIDDLESEX TOWNSHIP, Appellant,

v.

The ZONING HEARING BOARD OF MIDDLESEX TOWNSHIP, Appellee.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Dec. 20, 1989.

Charles D. Vance, Jr., Snelbaker & Elicker, Mechanicsburg, for appellant.

Edward W. Harker, Carlisle, for appellee.

Harold S. Irwin, III, Irwin, Irwin & McKnight, Carlisle, for intervenor, Jeffrey L. Davis.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal from an order of the Court of Common Pleas of Cumberland County which affirmed a decision of the Zoning Hearing Board of Middlesex Township (ZHB) to permit Jeffrey L. Davis to operate a fur business on his farm, and to dismiss the appeal of the Board of Township Supervisors of Middlesex Township (Appellant). We reverse.

■ Where the trial court took no additional evidence, our scope of review is to determine whether the ZHB abused its discretion or committed an error of law. The ZHB abuses its discretion when its factual findings are unsupported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

■ The facts as found by the ZHB are as follows:

1. [Davis] is the owner of a tract of land in the Township, consisting of approximately 60 acres located at the base of Sterrets Gap in a Residential—Farm Zone.

2. [Davis] purchased the property in April 1985, believing that it was approved for use as a site for his fur business.

3. [Davis'] business, which he carried on at the property for over two years, is described by [him] as seasonal; and as being a part time wholesale fur business.

4. In practice, [Davis] receives dead fur and hide bearing animals at his property, skins and dresses them out, and then sells the furs and hides to dealers.

5. Animal carcasses and remains are temporarily stored for pick up and eventual disposal off-site by other dealers in such items.

6. No animals or wastes are disposed of on the premises.

7. Animal skins are air dried and no processing, rendering or tanning of hides is done on the premises.

8. [Davis] lives on the property and he and several neighbors who testified indicated that no unusual or noxious odors were produced by the business use in question.

9. In June 1988 the Township, by a letter from its Solicitor, informed [Davis] that his use of the property was a violation of the Zoning Code.

10. On August 16, 1988 [Davis] filed a hand written request seeking relief to permit him to conduct his business.

11. No testimony was presented indicating that [Davis'] use harmed or interfered with his neighbors use of enjoyment of their properties. Indeed several neighbors testified in support of [Davis].

12. Police Chief Barry Sherman, investigating in conjunction with criminal charges instituted by the Township, found no dead animals or wastes on the property other than several barrels of bones.

The zoning designation in question, Residential Farmland District (RFD), is found under Article VI, Sections 6.01 and 6.02 of the Middlesex Township Zoning Ordinance. The RFD consists of primarily agricultural and low density residential uses. However, in neither of these sections nor in any other section of the zoning ordinance, is there provision made for the type of fur enterprise in question. The ZHB allowed the use and concluded that the zoning ordinance permits a wide variety of agricultural and farming uses in the RFD. The ZHB found that although not a specified, permitted use, Davis' use of the property is not

inconsistent with activities normally incidental to agricultural businesses and farming. These activities, it reasoned, include the disposition of dead animals.

The issue is whether or not a business which primarily consists of the selling of fur and skins from wild animals is a legitimate agricultural use. We hold that it is not.

"Agriculture" is defined as:

*agriculture*—the science or art of cultivating the soil, harvesting crops, and raising livestock: ...

(b) The science or art of the production of plants and animals useful to man and in varying degrees the preparation of these products for man's use and their disposal (as by marketing).

Webster's New Third International Dictionary 44 (1986). Not only does Davis's wholesale commercial fur-selling business not fit into Webster's definition of agriculture, but, the Supreme Court of Pennsylvania in *Commonwealth v. Western Pennsylvania Fur Farmers Cooperative Association*, 412 Pa. 243, 194 A.2d 226 (1963), addressed the question of whether a mink-raising farm came within the purview of an agricultural designation for purposes of a sales and use tax exemption, and held that it did not.

Inasmuch as there is no evidence of record to support the ZHB's conclusion that Davis's use of the property was a permitted use within the RFD, as defined by Section 6.02 of the Middlesex Township Zoning Ordinance,[1] we find that the ZHB committed an error of law. Accordingly, we reverse the order of the Court of Common Pleas of Cumberland County which upheld the ZHB's decision.[2]

1. Counsel's legal argument to this effect does not constitute evidence. Similarly, the ZHB's collective "understanding" of what constitutes "specialized farming" is not evidence. More important, however, because our decision today effectively means that there is nowhere in the township a zoning district that would permit such a business, by definition, we leave undecided the issue of exclusionary zoning which, of course, was not the subject issue of this appeal.

2. Inasmuch as we have reversed the order below, Davis' request that we impose counsel fees on Appellant on the basis that the appeal is frivolous and taken in bad faith is denied.

## ORDER

NOW, December 20, 1989, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby reversed.