IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Fuller and Cherylie     :
Fuller, husband and wife,     :
          Appellants     :
    :
    v.     :
    :
Zoning Board of Adjustment of     :   No. 980 C.D. 2018
The City of Pittsburgh     :   Argued: February 11, 2019


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge (P.)
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: June 26, 2019


William Fuller and Cherylie Fuller (collectively, Objectors) appeal from the June 11, 2018 order of the Court of Common Pleas of Allegheny County (trial court) which affirmed the decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) approving a special exception for a community center.

The property that is the subject of this appeal consists of three parcels located at 7047-7057 Hamilton Avenue, Pittsburgh (Subject Property) in an RM (Multi-Unit Residential, Moderate-Density) zoning district.[1] *See* Board's Findings

---

[1] We note that Objectors refer to the zoning district as RM, whereas the Board's decision uses both RM-M and RM zoning district. *See* Board's Decision at 1, Findings of Fact (F.F.) 1, Conclusions of Law (C.L.) 5. There appears to be only the RM District, not an RM-M. *See* Zoning Code, Art. II, Ch. 903 (concerning residential zoning districts). This discrepancy does not affect our analysis.

of Fact (F.F.) 1. The Subject Property is currently vacant. F.F. 3. KBK Enterprises (Applicant) is in the process of developing the Subject Property, along with other proximate properties, for a proposed residential housing community pursuant to a development plan, which was not at issue before the Board. F.F. 2. Objectors own an adjacent parcel located at 7045 Hamilton Avenue, which contains a house. F.F. 3 & 12.

Applicant filed an application for special exception under Section 911.02 of the Zoning Code of the City of Pittsburgh, Pennsylvania (Zoning Code),[2] seeking a "[u]se as a [c]ommunity [c]enter" and describing the project as "[b]uild new 2 story community center."[3] Reproduced Record (R.R.) at 7a. Subsequently, the Board held a hearing at which Applicant presented multiple witnesses who testified regarding the proposed use. One of Applicant's witnesses testified that the actual community room will be approximately 800 square feet of the building and the other half of the building will be office management space. Hearing Transcript dated 10/12/17 (H.T.) at 8, R.R. at 15a. Objectors also testified in opposition to the application. *See* H.T. at 2, 18 & 24-34, R.R. at 9a, 25a & 31a-41a. Additionally, other area residents appeared and testified, some were in favor of the application, while others opposed the application. *See* H.T. at 35-55, R.R. at 42a-62a.

Thereafter, the Board issued its decision approving Applicant's special exception. Board's Decision at 5. Relevant to our decision, the Board found that the "proposed use of the building is for a community room and for the management

---

[2] Pittsburgh, Pa., Zoning Code (2011).

[3] The application also sought a special exception pursuant to Section 916.09 of the Zoning Code with respect to a playground, which the Board ultimately granted; that special exception is not at issue in this appeal. Objectors' Brief at 7.

offices for the proposed housing development." F.F. 4. The Board further found that Applicant proposes to construct a one-story building with the area of the building being approximately 1,650 square feet[4] on the Subject Property, and that the community room would be located within an 800-square-foot area of the new building. F.F. 4-5. The Board concluded that "Applicant presented sufficient substantial and credible evidence to demonstrate compliance with the special exception criteria for the community center (limited)[5] use . . . ." Conclusions of Law (C.L.) 13. Accordingly, the Board approved "Applicant's request for [a] special exception[] pursuant to [Zoning] Code Section 911.02 . . . ." Board's Decision at 5.

Objectors appealed to the trial court. Original Record (O.R.) Item 1. The City of Pittsburgh (City) and Applicant intervened. O.R. Items 2 & 6. Objectors and Applicant filed briefs. O.R. Items 11-12. Subsequently, by opinion and order dated June 11, 2018, the trial court concluded that the Board properly approved Applicant's special exception, and consequently, the trial court denied and dismissed Objectors' appeal. Objectors then appealed to this Court.[6]

Objectors raise three arguments: (1) that the Board erred as a matter of law in granting the special exception for a community center (limited) because

---

[4] Applicant's testimony demonstrates that the building has two floors — with one floor being at street level facing Hamilton Avenue, and the other, lower floor being at ground level in the rear due to the slope of the land. *See* H.T. at 21, R.R. at 28a. Applicant also testified that the building is 2,400 square feet. *See id.* These discrepancies do not affect our analysis.

[5] The Zoning Code provides for two types of community center uses — limited and general. *See* Zoning Code §§ 911.02 & 911.04.A.14.

[6] Where, as here, the trial court does not take additional evidence following the determination of a zoning hearing board, our scope of review is limited to determining whether the board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

3

offices are not a permitted use in the RM zoning district by special exception or any other exception under the Zoning Code; (2) that the Board abused its discretion by capriciously disregarding the testimony of Objectors and witnesses regarding the traffic impact; and (3) that certain findings of fact are not supported by substantial evidence. Objectors' Brief at 12-13 & 17. Because the first issue is dispositive, we address only that issue.

Objectors argue that the Board erred in granting the special exception because offices are not a permitted use in the RM zoning district, and they contend that "[Applicant] is using the guise of a [c]ommunity [c]enter to circumvent the [Zoning] Code." Objectors' Brief at 11-12. Objectors argue that rather than focusing on whether the use was permitted under the Zoning Code, the Board instead focused on the applicable standards. *Id.* at 12. Objectors argue that "[t]he standards are not relevant if the use is not permitted." *Id.*

Notably, Applicant and the Board (together, Appellees)[7] do not dispute that the Board's approval of the special exception includes an office use and that Applicant intends to use a portion of the community center as an office. Further, Appellees do not dispute that an office use is not permitted by special exception in a residential zoning district and, in particular, the RM zoning district. Instead, Appellees assert that Objectors' argument is both untimely and unfounded. Appellees' Brief at 6. Appellees argue that Objectors have waived their argument by failing to raise it before the Board. *Id.* at 7-8.

We disagree that Objectors waived this issue. Objectors point out that the Board's Finding of Fact No. 4 states, "'The building is for a community center *and for management offices* for the proposed housing development.'" Objectors'

---

[7] The City has joined in Appellees' brief. *See* Cmwlth. Ct. Docket, Letter filed 10/4/18.

4

Brief at 6 (quoting Board's Decision) (emphasis by Objectors). Objectors further point out that despite the Board's finding that the building includes management offices and that offices are not a permitted special exception in the RM zoning district under the Zoning Code, the Board nevertheless granted Applicant's special exception application. *Id.* In essence, Objectors' argument is that the Board's decision is legally inconsistent—that is, Objectors argue that the Board's finding that the building will be used for offices cannot as a matter of law support the Board's conclusion that the special exception is permitted, because offices are not a permitted use in the RM zoning district by special exception or otherwise. It was not apparent until after the Board issued its decision that the Board would approve the office use as a special exception, so this argument could not have been raised until after the Board rendered its decision. Objectors raised this issue in their notice of appeal filed with the trial court. *See* O.R. Item No. 1, Objectors' Appeal from Board's Decision ¶ 11; O.R. Item No. 12, Objectors' Brief in Opposition to Board's Decision at 6. As such, Objectors raised this argument at the first opportunity to do so, and therefore, it is not waived. *See* 2 Pa.C.S. § 753(a) (stating generally, with certain enumerated exceptions not applicable here, that a party who proceeded before a zoning board may not raise on appeal any question not raised before the zoning board "unless allowed by the court upon due cause shown"); G. Ronald Darlington et al., Pennsylvania Appellate Practice § 302:1 (2018) (stating an exception to the general rule of waiver may occur where counsel had no opportunity to raise an issue below). Accordingly, we will address the merits of Objectors' argument.

Initially, we note that "[a] special exception is a conditionally permitted use, allowed by the legislature if specifically listed standards are met." *In re Brickstone Realty Corp.*, 789 A.2d 333, 340 (Pa. Cmwlth. 2001) (citing *Bray v.*

5

*Zoning Bd. of Adjustment*, 410 A.2d 909 (Pa. Cmwlth. 1980)). "The [applicant] has the burden of persuading the [Board] that the proposed use satisfies the objective requirements of the ordinance." *Dunbar v. Zoning Hearing Bd. of Bethlehem*, 144 A.3d 219, 224 (Pa. Cmwlth. 2016) (citing *Bray*, 410 A.2d at 910). "'Whether a proposed use, as factually described in the application and the testimony, falls within a given categorization contained in the zoning regulations is a question of law, on which the zoning board's determination is subject to review.'" *Manor Healthcare Corp. v. Lower Moreland Twp. Zoning Hearing Bd.*, 590 A.2d 65, 68 (Pa. Cmwlth. 1991) (quoting *Merry v. Zoning Bd. of Adjustment*, 178 A.2d 595, 597 (Pa. 1962)).

Under the Zoning Code, the criteria for a special exception for a community center (limited) use include, among other things, that "[a]ll activities conducted on the premises of the Community Center shall be *noncommercial* and nonprofit." Zoning Code § 911.04.A.14(a)(1)(ii) (emphasis added). Here, the Board found that "the proposed use of the building is for a community room and for the management offices for the proposed housing development." F.F. 4. Generally, a management office for a housing development is not noncommercial, and there are no findings or other evidence that would enable us to conclude otherwise.[8] *See Manor Healthcare*, 590 A.2d at 68 (stating whether a proposed use falls within a use category is a question of law). Indeed, Applicant testified that it would have a

_____

[8] The Zoning Code does not define noncommercial. *See* Zoning Code § 926. "An undefined term in a zoning ordinance 'must be interpreted and applied in accordance with its usual and generally accepted meaning.'" *Council of Middletown Twp., Del. Cty. v. Benham*, 496 A.2d 1293, 1295–96 (Pa. Cmwlth. 1985), *aff'd*, 523 A.2d 311 (Pa. 1987) (quoting *Fidler v. Zoning Bd. of Adjustment*, 182 A.2d 692, 694 (Pa. 1962)). "Noncommercial" is defined as "[n]ot having a commercial objective; not intended to make a profit." Non-Commercial, English by Oxford Dictionaries, https://en.oxforddictionaries.com/definition/non-commercial (last visited June 24, 2019). Additionally, we note that the Board chairwoman repeatedly stressed that what was before the Board was a "community center use" and limited the testimony to the "800 square foot community center." *See* N.T. at 5-7 & 23, R.R. at 12a-14a & 30a; *see also* N.T. at 26, 33, 35, 48 & 54, R.R. at 33a, 40a, 42a, 55a & 61a.

property manager and property management staff in the building and that after hours, and if necessary during business hours, security will be housed there. H.T. at 12, R.R. at 19a. Applicant agreed that its employees would be using the parking spaces at the building. H.T. at 14, R.R. at 21a. Applicant further explained that it selected the proposed location of a playground so that children can be outside playing while their parents are inside talking to staff about an issue they have or paying their rent. *See* H.T. at 14-15, R.R. at 21a-22a. Further, an office use is a separate type of use under the Zoning Code, and, as Objectors point out, it is not a use permitted by special exception or other exception in the RM zoning district. *See* Zoning Code § 911.01.F (stating uses not associated with a letter in district column of use table are prohibited) & § 911.02 (use table listing office (limited) and office (general) use), R.R. at 76a-78a.

Applicant had to satisfy the Board, in the first instance, that the use itself is permitted by special exception. *See Bray*, 410 A.2d at 911 (stating "applicant must bring the proposal within the specific requirements expressed in the ordinance for the use"). The Board's legal conclusion that Applicant demonstrated compliance with the special exception criteria is inconsistent with the Board's finding that the use includes management offices and, therefore, constitutes an error of law. Because the proposed use does not fall within the specific requirements expressed in the Zoning Code, as a matter of law, Applicant is not entitled to the special exception. *See Bray*. Consequently, the trial court erred in affirming the Board's decision to approve Applicant's request for a special exception for a community center (limited) use.

Nonetheless, Appellees contend, in the alternative, that management offices are permissible as an accessory use and assert that "there would seem to be

7

little question that a housing complex's management office would fit well within Section 912.02(15) [governing accessory uses]."[9] Appellees' Brief at 9. Appellees state that because Objectors "did not properly exhaust their administrative remedies" before the Board, there is no record as to the exact rationale behind the Board's approval of the management offices. *Id.* at 8.

The contention that the office use is permissible as an accessory use was not advanced before the Board, nor did Appellees seek to raise it before the trial court in response to Objectors raising the argument there. *See generally* O.R. Item No. 11, Appellees' Brief In Opposition to Appeal. This is a new and different theory and one that is not properly before this Court for review. *See Segal v. Zoning Hearing Bd. of Buckingham Twp.*, 771 A.2d 90, 94 (Pa. Cmwlth. 2001) (stating, "[i]n zoning cases, a new and different theory may not be advanced for the first time on appeal without the permission of the common pleas court"). Therefore, we will not consider it.

Accordingly, for the foregoing reasons, we reverse.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Wojcik did not participate in the decision of this case.

_____

[9] Zoning Code Section 912.02(15) provides:

> The following accessory uses, activities and structures shall be permitted by-right in Residential and H Districts:
> . . .
> (15) Other necessary and customary uses determined by the Zoning Administrator to be appropriate, incidental and subordinate to the primary use on the lot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Fuller and Cherylie     :
Fuller, husband and wife,     :
        Appellants     :
    :
    v.     :
    :
Zoning Board of Adjustment of     :    No. 980 C.D. 2018
The City of Pittsburgh,     :

## O R D E R

AND NOW, this 26th day of June, 2019, the June 11, 2018 order of the Court of Common Pleas of Allegheny County is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge