IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ana M. Gheorghiu     :
           :
   v.       : No. 1028 C.D. 2022
           :
Zoning Hearing Board of Stroud  :
Township and Stroud Township  :
Board of Supervisors     :
           :
Appeal of: Ana M. Gheorghiu  : Submitted:  April 28, 2023

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER         FILED:  July 11, 2023

  Appellant Ana M. Gheorghiu (Gheorghiu) appeals from the Court of Common Pleas of Monroe County's (Common Pleas) September 1, 2022 order, by which Common Pleas affirmed two decisions issued on March 25, 2022, by Appellee Zoning Hearing Board of Stroud Township (ZHB) regarding Gheorghiu's property, located at 810 Church Street in Stroudsburg, Pennsylvania (Property). Through these decisions, the ZHB affirmed a notice of violation issued by Stroud Township's (Township) zoning officer regarding Gheorghiu's use of the Property as a short-term rental, as well as the zoning officer's denial of Gheorghiu's application for a certificate of non-conformance (Application), the approval of which would have declared short-term rental as a valid, nonconforming use of the Property. We affirm.

  On August 20, 2021, the Township's zoning officer formally notified Gheorghiu that she had violated Section 11-505 of the Township's Code of

Ordinances[1] by offering the Property for rent on a short-term basis without the necessary permit. *See* Reproduced Record (R.R.) at 6a-7a. In response, Gheorghiu filed her Application with the Township and then appealed this notice of violation to the ZHB. *Id.* at 8a-9a. On October 21, 2022, the Township's zoning officer denied the Application, prompting Gheorghiu to appeal that denial to the ZHB as well. *Id.* at 10a-11a.

The ZHB then held a public hearing on January 5, 2022, at which it addressed both of Gheorghiu's administrative appeals. At the close of that hearing, the ZHB voted unanimously to deny both of those appeals. *See id.* at 92a-93a. Thereafter, on March 25, 2022, the ZHB issued both of the aforementioned decisions. In the first, regarding ZHB Case #21-11, the ZHB concluded that the zoning officer had properly issued the notice of violation because "[t]he Property is located in the [Township's] R-2 Low-Medium Density Residential District where short-term rentals are prohibited." *Id.* at 101a. Furthermore, the ZHB found that Gheorghiu had not shown that she had relied in good faith upon statements allegedly made to her by Township officials regarding the legality of offering the Property as a short-term rental and, thus, had not gained an estoppel-based right to continue that use. *Id.* at 101a-02a. In the second, regarding ZHB Case #21-12,[2] the ZHB determined that Gheorghiu was not entitled to a certificate of non-conformance, because the Property could not be lawfully used as a short-term rental at the time she began using it in that manner. *Id.* at 128a-31a.

---

[1] Stroud Township Code of Ordinances, Monroe County, Pa., *as amended* (2019).

[2] The ZHB expressly incorporated the decision it had issued regarding Case #21-11 into its decision regarding Case #21-12 by reference "[t]o the extent required." R.R. at 121a n.1.

Gheorghiu then appealed the ZHB's decisions to Common Pleas on April 11, 2022. Common Pleas took no additional evidence and, on September 1, 2022, affirmed the ZHB in full. This appeal to our Court followed shortly thereafter.

Gheorghiu presents two arguments for our consideration regarding her belief that Common Pleas incorrectly affirmed the ZHB's March 25, 2022 decisions, which we summarize as follows.[3] First, the ZHB abused its discretion and erred as a matter of law by denying her Application, because the Township's Zoning Ordinance allowed the Property to be used as a short-term rental at the time she began using it in that manner, as well as because the denial was predicated in part upon the ZHB's improperly retroactive application of *Slice of Life, LLC v. Hamilton Township Zoning Hearing Board*, 207 A.3d 886 (Pa. 2019). Gheorghiu's Br. at 15-25. Second, the ZHB abused its discretion and erred as a matter of law by denying Gheorghiu's appeal regarding the notice of violation, because she established that she was entitled to equitable relief that would estop the Township from preventing her from using the Property as a short-term rental. *Id.* at 25-32.

After thorough review of the factual and legal issues at play in this appeal, we conclude that we fully agree with the Honorable Arthur L. Zulick's analysis of Gheorghiu's arguments, as articulated by him in his thorough and well-reasoned opinion for this matter, which was docketed in *Ana M. Gheorghiu v. Zoning Hearing Board of Stroud Township and Stroud Township Board of Supervisors*, (C.C.P. Monroe Cnty., No. 2155 CV 2022, filed September 1, 2022). Accordingly, we adopt

---

[3] Because Common Pleas took no additional evidence in this instance, our standard of review is restricted to determining whether the ZHB committed an abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639-40 (Pa. 1983). "We may conclude that the [ZHB] abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 640 (citations omitted).

3

Judge Zulick's analysis for purposes of appellate review, and affirm Common Pleas'

September 1, 2022 order on the basis of the rationale discussed by him in his opinion.

_____
ELLEN CEISLER, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ana M. Gheorghiu             :
                           :
        v.           :  No. 1028 C.D. 2022
                           :
Zoning Hearing Board of Stroud  :
Township and Stroud Township   :
Board of Supervisors           :
                           :
Appeal of: Ana M. Gheorghiu    :

# O R D E R

AND NOW, this 11th day of July, 2023, it is hereby ORDERED that the Court of Common Pleas of Monroe County's September 1, 2022 order is AFFIRMED.

_____
ELLEN CEISLER, Judge