IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Appeal of: David Nigro | : |
| | : |
| From a Decision of: | : |
| Bureau of Administrative | : No. 1348 C.D. 2022 |
| Adjudication | : |
| | : |
| Appeal of: David Nigro | : Submitted: March 8, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: March 22, 2024

Appellant David Nigro (Nigro) appeals *pro se* from the Court of Common Pleas of Philadelphia County's (Common Pleas) June 23, 2022 order, through which Common Pleas affirmed Appellee Bureau of Administrative Adjudication's (BAA) issuance of a citation to Nigro. Through that citation, the BAA assessed Nigro a monetary fine for removing an immobilizing "boot" that had been placed by the Philadelphia Parking Authority (PPA) on a black Jeep Cherokee, license plate #KKB-1258, that was registered in Nigro's name. We affirm.

## I. Background

On August 10, 2021, PPA employees located the Jeep at 924 Wynnewood Road in Philadelphia, Pennsylvania, and placed a boot on one of the vehicle's wheels at 2:19 PM, due to Nigro's nonpayment of eight vehicle citations (the oldest of which was issued in 2012). BAA Certified Record (C.R.) at 1-2, 8.[1] PPA employees

---

[1] Nigro did not file a reproduced record; however, we note that he was under no obligation to do so, because this Court has granted him *in forma pauperis* status. *See* Pa. R.A.P. 2151(b).

returned approximately 10 hours later with the intent to tow the Jeep, only to discover that the vehicle was no longer there; accordingly, the employees issued a new citation for escaping the boot, which carried with it a $1000 fine. *Id.* at 3, 8. As Nigro was the Jeep's registered owner, the PPA mailed this escape citation to him, along with a letter that he could either pay the fine or challenge the citation's validity. *Id.* at 6-7.

Nigro chose the latter option, contesting the escape citation through a letter he sent to the BAA on August 20, 2021. *Id.* at 4-5. In this letter, Nigro expressed confusion as to why he had been cited; explained that the Jeep "was at the mechanic shop and still is"; and stated that he had unspecified "proof that [he had] paid those [previous] tickets and the Jeep was not booted or towed[.]" *Id.* The BAA responded on September 10, 2021, via a letter in which it notified Nigro that his challenge had been denied; therein, the BAA explained that

> the matter has now been reviewed by a hearing examiner . . . . Once properly issued, a ticket is prima facie evidence of a violation and to be overturned upon appeal there must be evidence and testimony that the ticket was not valid. After review of the [PPA's] prima facie evidence and careful evaluation of the evidence/testimony you submitted, it was found that there was insufficient basis for dismissal. Therefore the finding of the hearing examiner is that you are liable [for the escape citation].

*Id.* at 10. The BAA also informed Nigro that he could seek administrative review of this denial by the BAA's Appeals Panel, but that any appeal hearing thereon would "not take place in person"; accordingly, the BAA directed him to "include a copy of this letter along with any additional evidence and/or testimony that [he wished to] include [with any such appeal] filing." *Id.*

On September 27, 2021, Nigro sent another letter to the BAA, through which he administratively appealed the hearing examiner's denial of his citation challenge.

*Id.* at 13-14. In this letter, Nigro essentially argued to the BAA's Appeals Panel that the PPA had failed to present evidence establishing that its employees had booted his Jeep in August 2021 at the location identified on the escape citation, or that Nigro had been the individual who had removed the boot from the Jeep, as well as that there was no evidence that the citation had been properly issued. *Id.* Accordingly, Nigro "demand[ed] that the [PPA] provide proof of the alleged violation against [him,]" as well as "a hearing date so that [he could] properly defend [himself against] the allegations against [him]." *Id.* at 14. The BAA responded on October 5, 2021, via a letter in which it informed Nigro that its Appeals Panel had sustained the hearing examiner's denial of his challenge to the escape citation. *Id.* at 18.

On November 4, 2021, Nigro appealed this decision to Common Pleas. The lower court took no additional evidence and, on June 23, 2022, issued the aforementioned order affirming the decision. This appeal to our Court followed shortly thereafter.

## II. Discussion

Nigro's appellate arguments are somewhat difficult to parse, but they appear to fall into two categories, which we summarize as follows.[2] First, the BAA's decision to uphold the escape citation is not supported by substantial evidence, as there is no proof in the record establishing that (a) the PPA booted Nigro's Jeep at the claimed time and location; (b) there were other outstanding, unpaid citations, such that the PPA had cause to boot the vehicle; or (c) Nigro removed the boot from

---

[2] Where, as here, Common Pleas took no additional evidence, our review is limited to determining whether the BAA committed errors of law, violated constitutional rights, or employed procedures that contravened statutory requirements, as well as whether the BAA's findings of fact were supported by substantial evidence. *Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010) (citing 2 Pa. C.S. § 754). "By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983) (citations omitted).

his Jeep. Nigro's Br. at 20-23. Second, the BAA's failure to convene a hearing violated Nigro's procedural due process rights, by preventing him from having an adequate opportunity to challenge the escape citation. *Id.* at 23-24.

Nigro's first argument is completely spurious and without merit. As explained by Common Pleas, the record evidence supports the conclusion that the PPA booted Nigro's Jeep at the claimed time and location, as well as that the boot was removed shortly thereafter without PPA authorization:

> Before the BAA, the PPA presented a copy of the executed notice of immobilization that was left on . . . Nigro's vehicle. [C.R. at 1.] The PPA also presented photographs taken by a camera mounted to the top of the PPA van that supplied the booting device. [*Id.* at 2.] The photographs include a date and time stamp. [*Id.*] The photographs [i]ndisputably show images of . . . Nigro's vehicle, with license plate [#]KKB[-]1258, parked on the 900 block of Wynnewood Road shortly before the PPA applied the boot to the vehicle. [*Id.*]
>
> PPA's official logs show that its officers returned to . . . Nigro's vehicle several hours later for the purpose of towing it. [*Id.* at 23]. The log entry, however, has the notation "MIA," meaning that the vehicle was no longer in that location. [*Id.* at 24.] A second team went to the same spot the next morning and confirmed that the vehicle was still not there. [*Id.* at 23.]

Common Pleas Op., 12/19/22, at 3. Furthermore, it is immaterial to this matter whether the PPA justifiably booted the Jeep, as this matter is simply about the subsequent escape citation.[3] Finally, the PPA did not have to prove that Nigro personally removed the boot from the Jeep, because Nigro, as a registered owner of

---

[3] To state the obvious, the proper way for someone to contest a booting is by filing a challenge with the BAA, not by removing the boot themselves. *See* Phila. Traffic Code § 12-2406, THE PHILADELPHIA CODE, Title 12, *as amended*, added by ordinance effective May 6, 1958 (establishing process by which an individual may contest the PPA's immobilization or impoundment of a vehicle).

the Jeep, was legally liable for any citations assessed against his vehicle. *See* Phila. Traffic Code §§ 12-2405, 12-2804-2805 (owners are responsible for all traffic citations, including those that are booting-related, that have been issued against their vehicles); Nigro's Br. at 21(Nigro admits that he was the Jeep's co-owner).

As for Nigro's remaining argument, he did not argue to the BAA that its failure to provide him with an in-person hearing violated his constitutional right to due process. Pursuant to Section 753(a) of the Local Agency Law, "if a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown." 2 Pa. C.S. § 753(a); *see Bedford Downs Mgmt. Corp. v. State Harness Racing Comm'n*, 926 A.2d 908, 923 (Pa. 2007) (a due process challenge to an administrative agency's adjudication can be waived if the assertion was not first raised before the agency itself). Nigro neither offers an explanation for why he did not present his due process claim to the BAA, nor articulates why there would be good cause for allowing him to nevertheless make such a challenge at this point. Therefore, he has waived this argument.

## **III. Conclusion**

In keeping with the foregoing analysis, we affirm Common Pleas' June 23, 2022 order.

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Appeal of: David Nigro | : | |
| | : | |
| From a Decision of: | : | |
| Bureau of Administrative | : | No. 1348 C.D. 2022 |
| Adjudication | : | |
| | : | |
| Appeal of: David Nigro | : | |

# **O R D E R**

AND NOW, this 22nd day of March, 2024, the Court of Common Pleas of Philadelphia County's June 23, 2022 order is AFFIRMED.

_____
ELLEN CEISLER, Judge