IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spring City Group, LLC            :
                                :
         v.                :
                                :
The Zoning Hearing Board of West   :
Bradford Township              :
                                :
         v.                :
                                :
The Township of West Bradford,    :     No. 1295 C.D. 2018
                 Appellant     :     Submitted: June 6, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: June 27, 2019

The Township of West Bradford (Township) appeals from the Chester County Common Pleas Court's (trial court) August 24, 2018 order reversing the Township's Zoning Hearing Board's (ZHB) decision denying Spring City Group, LLC's (Applicant) dimensional variance application (Application) for a single-family residence at 1242 Shadyside Road in the Township (Property). The sole issue before this Court is whether the ZHB erred by concluding that Applicant did not satisfy the dimensional variance criteria. Upon review, we reverse.

The Property consists of approximately 1.4 acres of vacant, undeveloped land located in the Township's R-1 Residential Zoning District that Applicant purchased at a judicial tax sale on December 12, 2016 for $6,000.00. *See* Reproduced Record (R.R.) at 5a, 8a-10a, 12a-13a, 34a-35a, 38a, 56a. The portion of the Property along Shadyside Road is made up of a steep slope in excess of 20%

extending approximately 30 feet into the Property.  *See* R.R. at 13a.  Section 450-70.A(3)(a) of the Township's Zoning Ordinance (Zoning Ordinance), permits construction of single-family dwellings on lots with steep slopes but, if construction must occur on the slope, the lot must be at least 3 acres in size.[1]  *See* Original Record, Zoning Ordinance § 450-70.A(3)(a).

On July 25, 2017, Applicant filed the Application seeking a dimensional variance from Section 450-70.A(3)(a) of the Zoning Ordinance's 3-acre minimum lot size.  *See* R.R. at 5a-13a.  The ZHB held hearings on October 4[2] and December 6, 2017.  *See* R.R. at 14a-96a.  At the conclusion of the December 6, 2017 hearing, the ZHB unanimously denied the Application.  The ZHB issued its decision on December 20, 2017, concluding therein that Applicant failed to meet its burden of proving its entitlement to the variance, and that Applicant's sole shareholder Edwin Flagg's (Flagg) testimony was not credible.  *See* ZHB Dec. at 5-6; R.R. at 101a-102a.  On January 18, 2018, Applicant appealed to the trial court, which held argument on June 1, 2018.  On August 24, 2018, the trial court, without taking evidence, reversed

---

[1] Section 450-70.A(3)(a) of the Zoning Ordinance provides:

> A single-family detached dwelling . . . may be permitted on land with a natural slope of 20% or more, subject to the following requirements:
>
> [] Each lot must comply with the definition of 'lot area.'  However, if any construction, including but not limited to any access driveway, . . . . is constructed on land with a natural slope of 20% or greater, then the lot must contain a minimum lot area of three acres.

Original Record, Zoning Ordinance § 450-70.A(3)(a).  Section 10 of Ordinance 18-03 repealed Section 450-70 of the Zoning Ordinance in its entirety and replaced it with other steep slope regulations, effective June 12, 2018.  *See* Applicant Br. Appendix A at 20; *see also* Township Br. at 5.  Notwithstanding, this Application must be evaluated under the Zoning Ordinance in effect when the Application was filed.  *See Wilson v. Plumstead Twp. Zoning Hearing Bd.*, 936 A.2d 1061 (Pa. 2007).

[2] There was a September 6, 2017 hearing, but it was immediately continued by party agreement.  *See* R.R. at 15a-16a.

the ZHB's decision, thereby granting the Application.  *See* Trial Ct. Op. at 13; R.R. at 104a-116a.  The Township appealed to this Court.[3]

The Township argues that the trial court erred by reversing the ZHB's decision and granting the variance when Applicant failed to produce any competent evidence that it was entitled to a dimensional variance.  The Township specifically contends that it was required to deny the Application since the entirety of Applicant's evidence consisted of Flagg's testimony, which the ZHB declared was not credible, and Applicant's site plan, which was objected to as hearsay.

Initially, "[a] property owner seeking a variance must demonstrate both unnecessary hardship if the variance is denied and that the proposed variance is not contrary to the public interest."  *Goldstein v. Zoning Hearing Bd. of Twp. of Lower Merion*, 19 A.3d 565, 569 (Pa. Cmwlth. 2011); *see also* Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC).[4]  Further, Section 450-82.D(1) of the Zoning Ordinance provides:

> The [ZHB] shall hear requests for variances where it is alleged that the provisions of [the Zoning Ordinance] inflict **unnecessary hardship** upon the applicant. . . .  The [ZHB] may grant a variance, provided the following findings are made where relevant in a given case:

---

[3] Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the [ZHB] committed an error of law or 'a manifest abuse of discretion.'  *Valley View Civic Ass*['*]*n v. Zoning B*[*d.*] *of Adjustment*, . . . 462 A.2d 637, 639 ([Pa.] 1983).  A zoning board abuses its discretion 'only if its findings are not supported by substantial evidence.'  *Id.* at 640.  Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  *Id.*

*Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 n.1 (Pa. Cmwlth. 2018).

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

3

(a)   That there are **unique physical circumstances** or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of this chapter in the neighborhood or district in which the property is located;

(b)   That because of such physical circumstances or conditions[,] there is **no possibility that the property can be developed in strict conformity** with the provisions of this chapter and that the authorization of a variance is therefor[e] necessary to enable the reasonable use of the property;

(c)   That such unnecessary **hardship has not been created by the appellant**.

(d)   That the variance, if authorized, **will not alter the essential character of the neighborhood** or district in which the property is located, nor substantially **or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and**

(e)   That the variance, if authorized, will represent **the minimum variance that will afford relief** and will represent the least modification possible of the regulation in issue.

Zoning Ordinance § 450-82.D(1) (emphasis added). "It is the function of the [ZHB] to determine whether the evidence satisfies the criteria for granting a variance." *Marshall v. City of Phila.*, 97 A.3d 323, 331 (Pa. 2014); *see also* 53 P.S. § 10910.2.

The Pennsylvania Supreme Court declared in *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 721 A.2d 43 (Pa. 1998):

When seeking a dimensional variance within a permitted use, the owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations. Thus, the grant of a dimensional variance is of lesser moment than

4

the grant of a use variance, since the latter involves a proposal to use the property in a manner that is wholly outside the zoning regulation.

*Id.* at 47. This Court explained:

> [I]n *Hertzberg*, our Supreme Court set forth a **more relaxed standard for establishing unnecessary hardship for a dimensional variance**, as opposed to a use variance.
>
> Under *Hertzberg*, courts may consider multiple factors in determining whether an applicant established unnecessary hardship for a dimensional variance. These factors include: *'the **economic detriment** to the applicant if the variance was denied*, the **financial hardship** created by any work necessary to bring the building into strict compliance with the zoning requirements and *the **characteristics of the surrounding neighborhood**.'* *Id.* at 50 ([italic] emphasis added).

*Tidd v. Lower Saucon Twp. Zoning Hearing Bd.*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015) (bold emphasis added).

Despite the relaxed standard, "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011). Moreover, **notwithstanding that an application is for a dimensional variance**, "[t]he same criteria apply to use and dimensional variances," meaning that "[**a**]**n applicant must still present evidence as to each of the conditions listed in the zoning ordinance**, including unnecessary hardship." *Tidd*, 118 A.3d at 8 (emphasis added). Finally, Section 450-82.D(1) of the Zoning Ordinance requires the ZHB to make findings of fact as to each of the criteria listed therein.

At the ZHB hearings, Flagg testified as Applicant's sole shareholder that he has been a Pennsylvania registered, professional engineer for 20 years. *See* R.R. at 23a, 55a, 69a. He recalled that he purchased the property at a judicial sale, along

with other properties, in December 2016. *See* R.R. at 38a, 56a. He could not specifically recall whether he conducted a title search on the Property (although he typically does), what he paid for it, or in whose name he applied for the variance.[5] *See* R.R. at 35a, 55a, 57a, 63a. When Flagg was asked if he examined the Zoning Ordinance, he responded that he consulted with Commonwealth Engineers, Inc. (CEI) and, although he cannot recall what CEI told him about the Property from a zoning perspective, he related: "I think they liked the [P]roperty." R.R. at 59a; *see also* R.R. at 65a.

Flagg explained that, before the lot was subdivided in the mid-1970s, the Property was "a legitimate building lot." R.R. at 24a; *see also* R.R. at 27a, 38a, 69a-70a. Flagg presented an unsigned, unsealed, proposed site plan CEI prepared which reflects that although the first 30 feet of the Property is "very steep," R.R. at 28a, and, although the rear of the Property is "[a] precautionary [slope]," R.R. at 53a, it is very level and suitable for building a single-family dwelling.[6] *See* R.R. at 12a, 24a-25a, 27a, 52a. Flagg confirmed that only the Property's proposed access driveway would be within the steep slope area. *See* R.R. at 33a.

Flagg represented his intention to obtain the variance and then investigate and present alternative engineered drawings to the Township to demonstrate how he "can make the lot work." R.R. at 25a. He declared: "I just don't want to invest all that money if it's not going to happen." R.R. at 25a. Flagg stated that there are several alternatives for access, but he "ha[d]n't really decided which one [he] would like to use." R.R. at 29a; *see also* R.R. at 30a. After

---

[5] Flagg explained that, as a business practice, he looks at several hundred properties at the end of each year in Chester County. *See* R.R. at 59a. He asserted that he purchases properties for different reasons; some to rent and sell, and others for places in which Flagg and relatives could live. *See* R.R. at 59a-60a.

[6] The ZHB chairman described that "[t]he first 30 feet [of the Property] is almost a wall." R.R. at 28a.

6

the ZHB informed Flagg that he had to prove the specific variance criteria in the Zoning Ordinance as noted on the Application form, he declared:

> The unique hardship. Yeah, obviously, the physical hardship is the steep slope is at the front of the [P]roperty, so I really can't -- I have to enter the [P]roperty somehow and go through that. So my thinking is the permanent structure wouldn't be on that steep slope, it would just be the drive or entrance. But unfortunately, I can't purchase any of the other lots, and I can't add to the size of the lot. So under that physical circumstance, I can't make it three acres.
>
> I think the other three questions, that probably applies, as well. And I just thought that the drawing created the, you know, shows you I guess the lot gradients and gives you the steep slope indication just on the front of the [P]roperty at Shadyside [Road].

R.R at 37a. The ZHB continued the hearing to December 6, 2017 to afford Flagg the opportunity to address the variance requirements.

On October 13, 2017, Applicant supplied the ZHB with its signed, sealed construction and improvement plan (Plan).[7] *See* R.R. at 13a, 50a. At the December 6, 2017 hearing, Applicant offered the Plan, which the ZHB admitted into the record over the Township's hearsay objection, ruling that it would be given any weight it decided may be due.[8] *See* R.R. at 84a-85a. Flagg further represented

> [H]opefully I've shown that it's a beautiful lot, it's a beautiful road. I think it can be a really nice building

---

[7] Flagg testified that he did not prepare the Plan, but consulted in its preparation. *See* R.R. at 13a, 56a.

[8] Although "the formal rules of evidence do not apply in local zoning board [hearings]," *Zitelli v. Zoning Hearing Bd. of Borough of Munhall*, 850 A.2d 769, 771 n.2 (Pa. Cmwlth. 2004), the law is well-established that "[h]earsay evidence, *properly objected to*, is not competent evidence to support a finding of the [zoning hearing board]." *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). Accordingly, this Court has specifically held that hearsay "must be sufficiently corroborated by other evidence in order to be considered competent evidence." *Lake Adventure Cmty. Ass'n, Inc. v. Dingman Twp. Zoning Hearing Bd.*, 79 A.3d 708, 714 n.4 (Pa. Cmwlth. 2013).

location. I just would like the opportunity to present a building plan to the engineering group. I think I've shown that it works. It's not – we're not doing anything that's kind of crazy. It's very similar to the local area there. I think we've kind of shown that we can make all the limits of distances work. I appreciate you guys spending some time with me, reviewing this.

R.R. at 73a. Flagg testified: "My understanding of the [A]pplication was that it might end up being one of those five [variance requirements], . . . it wasn't clear." R.R. at 85a. The ZHB chairman confirmed: "The law, the [MPC] . . . is quoted word for word here [in the Application]. It's all." R.R. at 85a.

Based upon the evidence presented, the ZHB made the following relevant findings:

9. [] Flagg consulted with [CEI] about the [Township Zoning] Ordinance prior to purchase.

10. [] Flagg did a cursory review of the [Township Zoning] Ordinance prior to purchase.

. . . .

24. The Township objects to the variance request, because it is a self-created hardship, as [] Applicant failed to conduct due diligence prior to acquiring the Property.

. . . .

27. The requested variance is not *de minimis* as to lot size.

28. The Property does not have any unique or peculiar characteristics.

. . . .

30. The proposed variance would alter the character of the neighborhood, particularly Shadyside Road.

31. The proposed variance would be injurious to the neighborhood or otherwise detrimental to the public health, safety and welfare of the community.

8

32. There is no showing that the requested relief is the minimum relief necessary.

ZHB Dec. at 2-4 (record citations omitted; italics emphasis added); R.R. at 98a-100a. In its opinion, the ZHB stated that "Applicant [did] not meet its burden of pro[ving] . . . that it is entitled to a variance from Section 450.70.A(3)(a) [of the Zoning Ordinance]." ZHB Dec. at 5; R.R. at 101a. The ZHB further concluded that Flagg's testimony that he would comply with the Township's requirements was not credible. *See* ZHB Dec. at 6; R.R. at 102a.

> This Court may not substitute its interpretation of the evidence for that of the ZHB. *Marshall; Tri-C*[*ty.*] [*Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488 (Pa. Cmwlth. 2014)]. It is the ZHB's function to weigh the evidence before it. *Tri-C*[*ty*]. The ZHB is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Marshall; Tri-C*[*ty.*]. We must view the evidence in a light most favorable to the prevailing party, [that] must be given the benefit of all reasonable inferences arising from the evidence. *In re McGlynn*, 974 A.2d 525 (Pa. Cmwlth. 2009).

*Tidd*, 118 A.3d at 13.

On appeal, the trial court acknowledged that it was bound by the ZHB's credibility determination, but "conclude[d] that the [ZHB] committed an error of law by failing to analyze this dimensional variance request pursuant to the standard for such a variance set forth by our Supreme Court in *Hertzberg*[.]" Trial Ct. Op. at 7; R.R. at 110a. The trial court declared:

> The precise issue before the [ZHB] was not the details of any proposed construction. Rather, the [ZHB] was tasked to evaluate whether a variance from the minimum lot size of three acres for the purpose of constructing within the steep slope was warranted. Even with a variance, [Applicant] will still be required to fulfill all other relevant requirements and obtain the requisite permits in order to begin the construction process.

9

Trial Ct. Op. at 9; R.R. at 112a. The trial court went on to analyze whether Applicant presented sufficient record evidence that it met the dimensional variance requirements and concluded that Applicant met its burden. *See* Trial Ct. Op. at 11; R.R. at 142a.

However, despite the ZHB's instruction to Flagg at the October 2017 hearing to return in December 2017 ready to prove *all* of the unnecessary hardship criteria, Flagg only attempted to establish *one* of them. *See* R.R. at 85a. Although Flagg testified regarding the Property's unique physical characteristics, Applicant did not demonstrate that the physical condition was peculiar to the Property and not characteristic of neighboring properties. Moreover, Applicant provided *no* evidence to support the other unnecessary hardship criteria specified in Section 910.2 of the MPC and Section 450-82.D(1) of the Zoning Ordinance.[9] Because Applicant did not "present evidence as to each of the conditions listed in [Section 450-82.D(1) of] the [Z]oning [O]rdinance, including unnecessary hardship[,]" *Tidd*, 118 A.3d at 8, the ZHB properly determined the criteria were not met, and denied the Application. Accordingly, the trial court erred by reversing the ZHB's decision and granting the variance.

---

[9] In its brief, Applicant claims: "no reasonable use of the Property otherwise could be made," Applicant Br. at 15; "the Property cannot meet the minimum lot size for any of the permitted uses," Applicant Br. at 16; "the Property has no value for any purpose permitted by the [Z]oning [O]rdinance," Applicant Br. at 16; and, "there is an existing dwelling shown on the [Plan] right next door," so the new residence would be consistent with the surrounding neighborhood. Applicant Br. at 18. However, Applicant did not raise or prove these claims at the ZHB hearings. "[B]ecause statements in briefs do not constitute evidence of record . . . , we will not consider them." *MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 184 A.3d 1048, 1063 n.23 (Pa. Cmwlth. 2018) (quoting *Sch. Dist. of Pittsburgh v. Provident Charter Sch. for Children with Dyslexia*, 134 A.3d 128, 143 n.27 (Pa. Cmwlth. 2016)).

For the foregoing reasons, the trial court's order is reversed.


_____
ANNE E. COVEY, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spring City Group, LLC                         :
                                               :
                    v.                         :
                                               :
The Zoning Hearing Board of West               :
Bradford Township                              :
                                               :
                    v.                         :
                                               :
The Township of West Bradford,                 :          No. 1295 C.D. 2018
                         Appellant             :

## O R D E R

AND NOW, this 27th day of June, 2019, the Chester County Common Pleas Court's August 24, 2018 order is reversed.


_____
ANNE E. COVEY, Judge